BENJAMIN F. BATCHELDER, Appellant, *v.* COUNCIL GROVE WATER COMPANY, Respondent.

Certain bonds secured by a trust mortgage, the principal of which was by their terms due in 1912, contained each a provision that in case of default in the payment of any of the interest coupons attached " the principal sum of this bond shall become due in the manner and with the effect provided in the trust deed or mortgage." That instrument provided that in case of such default and its continuance for six months after demand, the principal shall become immediately due and payable, and the trustee "upon the written request of the holders of a majority of the said bonds then outstanding shall proceed to collect both the principal and interest of all such bonds by foreclosure and sale" of the property covered thereby. Default having been made in the payment of coupons, plaintiff, who held several of the bonds, brought this action thereon claiming the right to recover the principal and interest. *Held,* untenable; that by the terms of the bond the said clause of the mortgage became an essential part of the contract; that its effect was to limit the provision making the principal due in case of default in payment of interest, so that the principal became payable only in the manner prescribed, *i. e.,* upon foreclosure at the request of a majority of the bondholders; and that, therefore, plaintiff was only entitled to recover the interest due.

(Argued December 7, 1891; decided January 26, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the City of New York, entered upon an order made May, 1891, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term, and affirmed an order of Special Term granting an extra allowance.

This action was upon three mortgage bonds.

Plaintiff claimed to recover principal and interest. The trial court held that plaintiff was entitled to recover the interest due represented by coupons attached to the bonds, but not the principal. Defendant had served an offer to allow judgment for the interest and costs.

The facts, so far as material, are stated in the opinion.

*Thomas J. McKee* for appellant. Nothing is contained or provided in the bond or trust deed limiting the holders of any of the bonds to a foreclosure of the trust deed or mortgage for their collection, and, therefore, we have, both by the common law and the statute, the right to recover the amount of the bonds held by us, together with any and all the interest due upon them up to the time of collection, in an action at law, and to have had awarded to us a common-law judgment, and our remedy is not confined to the property mortgaged. (Code Civ. Pro. § 1630; *Polhemus* v. *F. R. R. Co.*, 50 Hun, 397; *Gilman* v. *I. & M. R. R. Co.*, 91 U. S. 616; *State of Florida* v. *Gilman*, Id. 679; *Elder* v. *Rouse*, 15 Wend. 218; *N. Bank* v. *Kidder*, 106 N. Y. 221; *McClelland* v. *N.*, etc., *R. R. Co.*, 110 id. 469; *Mallory* v. *W. S.*, etc., *R. R. Co.*, 3 J. & S. 174.) The provisions of the trust deed relative to a foreclosure, and that such foreclosure shall not be had except upon a request of a majority of the bondholders, has no application here. (*Mallory* v. *W. S.*, etc., *R. R. Co.*, 3 J. & S. 174.) The bond and coupon were one contract. (*City* v. *Lampson*, 9 Wall. 478; *McClelland* v. *N. R. R. Co.*, 110 N. Y. 469.) A well-established rule of common law is not repealed by implication, and when the common law and a statute each provide a remedy, the latter is cumulative unless the statute expressly

makes it exclusive. (*Candee* v. *Hayward*, 37 N. Y. 653; *Jackson* v. *Blodgett*, 16 Johns. 172.)

*Isaac L. Miller* for respondent. It was conceded on the argument at the General Term that if the judgment was right, the order for the extra allowance is unassailable. But aside from this fact, said order is correct in principle. (Code Civ. Pro. § 3253; *Brady* v. *Dubrow*, 2 E. D. Smith, 78, 84; *Com. of Pilots* v. *Spofford*, 3 Hun, 57; *Hirschping* v. *Boe*, 20 Abb. [N. C.] 402; *Mangin* v. *Dinsmore*, 47 How. Pr. 11; *Travis* v. *Travis*, 122 N. Y. 449; *Aldrich* v. *Aldrich*, 120 id. 614; *White* v. *Monroe*, 33 Barb. 650; *Riggs* v. *Purcell*, 74 id. 370.) As the record contains no statement or certificate that all the evidence given on the trial is contained therein, the facts are not before this court for review, and the only questions that it can properly consider are those of law. (*Travis* v. *Travis*, 122 N. Y. 449; *Aldridge* v. *Aldridge*, 120 id. 614; *Mahoney* v. *Prendergast*, 12 N. Y. Supp. 869.) In determining the character of the coupons in question, the court is required to examine each of the securities simultaneously executed, viz., the bonds, the coupons, and the trust deed or mortgage, for the purpose of discovering the intent and meaning of the contract thereby made. (*McClelland* v. *N. R. R. Co.*, 3 N. Y. S. R. 250; 110 N. Y. 469, 474; *Bailey* v. *County of Buchanan*, 115 id. 297, 301; *Caylus* v. *N. Y. K. & S. R. R. Co.*, 10 Hun, 296; 76 N. Y. 609; 1 Jones on Mort. [4th ed.] § 76; 2 id. § 1179.) It is well settled that a party holding a bond of this nature is not entitled to recover the principal sum therein named, and cannot maintain an action thereon for the principal thereof in case of non-payment of interest. (*Mallory* v. *W. S., etc., R. R. Co.*, 3 J. & S. 174; *Pennock* v. *Coe*, 23 How. [U. S.] 131; *McClelland* v. *N. R. R. Co.*, 110 N. Y. 469; 2 Jones on Mort. [4th ed.] § 1183; Jones on Corp. Bonds & Mort. [2d ed.] § 51.) It is equally well settled that a beneficiary cannot maintain an action until the trustee refuses to perform his duty in that respect, and then the trustee must be brought before the court as defend-

ant. ( *W. R. R. Co.* v. *Nolan,* 48 N. Y. 513, 517; *Wetmore* v. *Porter,* 92 id. 76, 82; *Davenport* v. *Dows,* 18 Wall. 637; Code Civ. Pro. § 1432.)

*Per Curiam.*[*] This action was brought in September, 1889, to recover the principal and interest of three several mortgage bonds for one thousand dollars each, payable July 1, 1912. It is, therefore, apparent that the action, except on the coupons for interest, was prematurely brought, unless there are other circumstances appearing in the case, showing that an earlier day for the payment of the bonds had been provided. It is claimed that these circumstances appear from a clause in the bonds, reading as follows: "In case of default in the payment of any of the interest coupons attached to this bond in the manner provided in the trust deed and mortgage hereinafter mentioned, then and in that case the principal sum of this bond *shall become due in the manner and with the effect provided in the said trust deed or mortgage.*"

Default having been made in the payment of the coupons, the plaintiff claims that the bonds became absolutely due and entitled him to enforce their payment in any way available to any holder of a past due obligation.

This claim would, undoubtedly, be sustainable, provided each bond had stopped with the words: "the principal sum shall become due;" but it did not in fact stop there, but continued with the following qualifications of the previous sentence: "in the manner and with the effect provided in the said trust deed or mortgage."

It, therefore, becomes necessary to refer to the trust deed or mortgage to determine the extent and character of the qualifications; for it cannot be disputed but that this clause made the provisions of the trust deed an essential part of the contract between the bondholder and his obligor.

The clause in the trust deed to which the bonds referred,

---

[*] This case was decided prior to the death of Chief Judge RUGER, and was in his hands to write. The opinion was found among his papers after his death, and was adopted by the court.

reads as follows: "If default be made by the said party of the first part in any half year's interest on any of said bonds, and the warrants or coupons for such interest shall have been presented and its payment demanded, and such default shall have continued for six months after such demand without the consent of the holders of such coupon or bond, then and thereupon the principal of all of said bonds hereby secured shall be and become immediately due and payable, anything in such bonds to the contrary notwithstanding, and the said party of the second part may so declare the same and notify the party of the first part thereof, and upon the written request of the holders of a majority of the said bonds then outstanding shall proceed to collect both principal and interest of all such bonds outstanding by foreclosure and sale of said property or otherwise as herein provided."

This clause plainly limits the effect of the provision making the principal of the bonds due upon the failure to pay semi-annual interest, and it prescribes the manner in which such a breach of the contract shall be made available. It authorizes the trustee, upon the request of a majority of the bondholders, to foreclose the mortgage and distribute the proceeds realized thereby equally among the bondholders. By prescribing the effect which the clause shall have on the contract and the particular manner in which a default in the payment of interest shall be availed of, it impliedly excludes all other methods, and confines the bondholder to the remedies expressly authorized. If the method provided by the mortgage be pursued, it subjects the action to be taken by the bondholders to the will of a majority and insures that course of action, with respect to the property of the debtor, which will inure to the best interest of the bondholders as a class. This prevents individual bondholders from pursuing an individual course of action and thus harrassing their common debtor and jeopardizing the fund provided for the common benefit. The manifest equity and justice of such a proceeding indicate the intent of the parties in drafting the form of the bond.

The plaintiff's right of action is based solely upon the language of his contract, and if he does not make out a right to recover by virtue of its terms, his action must necessarily fail. We think that the reasonable construction of the contract requires us to hold that the principal sum of the mortgage debt, upon the failure to pay interest thereon, was not intended to be made payable except in the manner specifically provided by the terms of the mortgage. (*McClelland* v. *Norfolk Southern R. R. Co.*, 110 N. Y. 469.) Any other holding would authorize the individual bondholders to pursue the company and strip it of its present funds and rights of action and destroy its capacity to carry on its business and thereby protect its creditors. It is not reasonable to suppose that the bondholders, as a class, intended to make a contract which should lead to that result.

It was, of course, correct for the trial court to authorize judgment to be given for the past due coupons, as by the express terms of the contract, as manifested by the mortgage, bond and coupon, the interest was made payable unconditionally on a specified day, and this was entirely consistent with the holding that the principal sum was not due ; because, by the terms of the contract, it was not made unconditionally payable on the happening of the event mentioned.

It follows, from these views, that the judgment below should be affirmed, with costs.

All concur, except FINCH and GRAY, JJ. dissenting.

Judgment affirmed.