HASKINS v. ALBANY & H. RY. & POWER CO.

(Supreme Court, Appellate Division, Second Department.  June 6, 1902.)

COUPON BONDS—PAYMENT—DELIVERY OF COUPON—PURCHASE BEFORE MATURITY—NEGOTIABLE INSTRUMENT.

Where coupons from bonds promise the payment of a certain sum on a certain date, and the mortgage securing the bonds provides that coupons shall always be transferred by delivery, the purchaser of a coupon before maturity is entitled to payment as provided in the coupon, notwithstanding any limitation or condition of the bond and mortgage, the provision as to delivery of the coupons making them in law negotiable instruments.[1]

Appeal from trial term, Kings county.

Action by Amy E. Haskins against the Albany & Hudson Railway & Power Company.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

C. V. Nellany, for appellant.
Harcourt Bull, for respondent.

WOODWARD, J.  There is a single question of law to be determined upon this appeal.  On the 1st of March, 1899, the defendant made and executed a certain trust mortgage to the Colonial Trust Company for the purpose of securing an issue of bonds aggregating $2,500,000.  The plaintiff, before maturity, purchased two of the coupons of certain of these bonds, and brings this action to recover the amount promised to be paid upon such coupons.  The defendant urges that the coupons in the case at bar are subject to the conditions of the bond and mortgage, and that this action is not maintainable because of the limitations contained in such bond and mortgage.  We are of opinion that the contention of the defendant cannot be maintained.  Assuming that the coupons are to be governed by the conditions of the bond and mortgage, we are unable to find any limitation applying to the coupons after they are detached from the bonds and become in law negotiable instruments.  McClelland v. Railroad Co., 110 N. Y. 469, 475, 18 N. E. 237, 1 L. R. A. 299, 6 Am. St. Rep. 397, and authorities cited; Bank v. Faurot, 149 N. Y. 532, 536, 44 N. E. 164, 35 L. R. A. 605.  The defendant in the trust mortgage specially provides that the "coupons shall always be transferred by delivery," thus clearly indicating an intention to make these coupons negotiable instruments, and subject to the same law in the hands of bona fide purchasers before maturity as promissory notes.  The provisions of the fifth article of the mortgage all relate to remedies of the trustee and bondholders, and were clearly never intended to apply to the coupons after they had been severed from the bonds, and had thus taken on a new character.  Williamsburgh Sav. Bank v. Town of Solon, 136 N. Y. 465, 481, 32 N. E. 1058.  This view of the question seems to be supported by the entire

[1] See Bonds, vol. 8, Cent. Dig. § 81.

tenor of the mortgage, and there would seem to be no good reason why the defendant should not comply with the promise contained in these coupons, which reads as follows:

"Albany and Hudson Railway and Power Company will pay to the bearer hereof, at its financial agency in the city of New York, twenty-five dollars ($25) in gold coin on the first day of ———, A. D. 1——, being six months' interest on its mortgage bond No. ———."

It was said in Batchelder v. Water Co., 131 N. Y. 42, 47, 29 N. E. 801, 802:

"It was, of course, correct for the trial court to authorize judgment to be given for the past-due coupons, as by the express terms of the contract, as manifested by the mortgage, bond, and coupon, the interest was made payable unconditionally on a specified day; and this was entirely consistent with the holding that the principal sum was not due, because, by the terms of the contract, it was not made unconditionally payable on the happening of the event mentioned."

The judgment appealed from should be affirmed, with costs. All concur, except GOODRICH, P. J., taking no part.