(92 Misc. Rep. 166)
OSBORNE v. MISSOURI, K. & T. RY. CO.   (No. 87.)

(Supreme Court, Appellate Term, First Department.   October 25, 1915.)

BILLS AND NOTES ⬤⟿129—MATURITY—POSTPONEMENT.

   A note of a corporation which recited that it was one of a series of
   notes issued under a trust agreement therein described, to which refer-
   ence was thereby made for a description of the nature and extent of the
   security and the terms and conditions upon which the notes were se-
   cured, and that in case of a default the principal of the notes might be-
   come or be declared due and payable as provided in the trust agreement,
   was an absolute and unconditional obligation to pay the amount thereof
   on the date specified; there being nothing in the trust agreement sug-
   gesting that in any event or upon any contingency might the maturity of
   the obligation be postponed.

   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 283–292;
   Dec. Dig. ⬤⟿129.]

Appeal from City Court of New York, Trial Term.

Action by John A. Osborne against the Missouri, Kansas & Texas Railway Company. From a judgment in favor of defendant, after a trial by a judge without a jury, plaintiff appeals. Reversed, and judgment directed for plaintiff.

· Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Rounds, Hatch, Dillingham & Debevoise, of New York City (Ralph S. Rounds and Eugene Congleton, both of New York City, of counsel), for appellant.

M. E. Harby, of New York City, for respondent.

BIJUR, J. The complaint in this action, verified May 25, 1915, after alleging the existence of the defendant as a foreign corporation, recites that it made its promissory note for $1,000, payable to bearer, on May 1, 1915, and that no part thereof has been paid, and asks judgment accordingly. The answer alleges, in substance, that the note was not an absolute agreement to pay, but that it provides that the rights of the holder in the event of nonpayment were dependent upon conditions not named in the complaint or alleged to have been performed. It further pleaded the material parts of the note, which recited that it was one of a series, "all issued and to be issued under, and equally secured by, a trust agreement," further described, and continued:

"For a description of the nature and extent of the security, and the terms and conditions upon which the notes are secured, reference is made to the trust agreement. * * * In case of an event of default as defined in the trust agreement shall happen, the principal of the notes may become or be declared due and payable in the manner and with the effect provided in the trust agreement."

At the trial defendant objected that the notes offered in evidence were immaterial, irrelevant, and incompetent to sustain any allegation in the complaint. The learned court below was of opinion that:

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Purchasers of the notes became holders with due notice of the trust agreement, which renders the position of the plaintiff untenable in so far as he contends that the indebtedness of the company to him gives a right of action outside of the trust agreement."

The defendant's motion to dismiss was granted. We are thus confronted with the question whether the notes as proved, and containing the recitals above set forth, constitute an absolute obligation of the defendant to pay $1,000 on May 1, 1915, or whether these recitals convert the debt into a conditional one, so that the condition must be negatived in the complaint.

Respondent's first and chief reliance, as I take it, is on the case of McClelland v. Norfolk Southern R. R. Co., 110 N. Y. 469, 18 N. E. 237, 1 L. R. A. 299, 6 Am. St. Rep. 397. In that case the holder of certain coupons, attached to a bond somewhat similar in form to the notes in the case at bar, brought an action for the collection of the coupons immediately after the due date mentioned on their face. The defendant set up that pursuant to the terms of the trust agreement the date of maturity of the coupons had been duly postponed (by the action of a certain proportion of all the holders of outstanding bonds). The actual decision in the case was to the effect that such attempted postponement was invalid, because the default had been waived in advance of its occurrence—a form of proceeding not warranted by the trust agreement. In discussing the general aspects of the case the court did say:

"The reference in the coupons to the mortgage and bonds, and in the bonds to the terms and conditions of the mortgage, clearly, we think, charges the holders of both coupons and bonds with notice of the provisions contained in each of such instruments."

And at page 475 of 110 N. Y., at page 240 of 18 N. E. (1 L. R. A. 299, 6 Am. St. Rep. 397):

"If, however, these coupons contain notice to the holders of any facts or circumstances showing that the time of their payment was subject to a contingency over which the holder had no control, *and which might postpone their payment indefinitely*, then they could not be said to be bona fide holders thereof, as the negotiability of the paper would be thereby destroyed."

I must assume that there were provisions to the effect mentioned in the coupons or bonds involved in that action, because apparently the court was of opinion that the holders of the coupons would be bound by the action of the other bondholders postponing the payment of the coupons, had that action been validly taken, although no such provisions are quoted in the opinion. It seems to me to be quite evident that in the case at bar there is no such provision. Holders of the notes are referred to the trust agreement for the terms and conditions of the *security* afforded thereby, and there is a provision which indicates that, in the event of a default occurring prior to the maturity of the notes, such maturity may be anticipated; but nowhere is there the slightest suggestion that in any event or upon any contingency may the due date of the obligation be postponed.

While this case is much stronger, nevertheless I think it is substantially controlled by Rothschild v. Rio Grande, etc., Co., 84 Hun, 103,

32 N. Y. Supp. 37, affirmed on the opinion below 164 N. Y. 594, 595, 58 N. E. 1092, which goes to the extent of indicating that, even were there in the trust agreement a provision for postponing the due date of the note, the absolute language of the note would control, and render the provision of the trust agreement in that respect nugatory; but there does not appear to be even a claim that there is any such provision in the trust agreement in this case. See, also, Hibbs v. Brown, 112 App. Div. 214, 98 N. Y. Supp. 353, affirmed 190 N. Y. 167, 82 N. E. 1108.

Although respondent cites Bachelder v. Council Grove Co., 131 N. Y. 42, 29 N. E. 801, as an authority in his support, I cannot find any pertinence to the present controversy in the facts disclosed by, or the opinion in, that case.

Judgment reversed, with costs, and judgment directed in favor of plaintiff, with costs in the court below. All concur. '

Rounds, Hatch, Dillingham & Debevoise, of New York City (Ralph S. Rounds and Eugene Congleton, both of New York City, of counsel), for appellant.

Judgment reversed, with costs, and judgment directed in favor of plaintiff, with costs, in the court below. All concur.