## WHITLOCK v. BOSTON & M. R. R. et al.

Circuit Court of Appeals, First Circuit. November 27, 1928.

No. 2281.

352

A. A. Ballantine, of New York City (Root, Clark, Buckner, Howland & Ballantine, of New York City, on the brief), for appellant.

Edward F. McClennen and Charles B. Newhall, both of Boston, Mass., for appellee Northern Railroad.

Before JOHNSON, Circuit Judge, and HALE and MORTON, District Judges.

HALE, District Judge. On December 30, 1889, the Northern Railroad, a New Hampshire corporation, leased for a term of 99 years, to the Boston & Lowell Corporation, a Massachusetts corporation, the following property:

"(1) The railroad of the party of the first part (namely the Northern Railroad), extending from Concord in the state of New Hampshire, to White River junction in the state of Vermont, and the branch thereof to Bristol in the state of New Hampshire, together with the lands on which said railroad and branch are located. * * *

"(2) All its shares of the capital stock of the Concord & Claremont, N. H. Railroad and of the Peterborough & Hillsborough Railroad, together with the right to vote upon the same and receive to its own use any dividends thereon.

"(3) Its claim against the Concord & Claremont, N. H., Railroad on book account, * * * and its claim against the Peterborough & Hillsborough Railroad upon second mortgage bonds thereof. * * *"

The above constituted substantially all the property of the Northern Railroad. In February, 1890, the lease was assigned to the Boston & Maine Railroad; the assignee assuming all its obligations. The lease provided that the lessee should pay to the lessor a quarterly rental of $38,355 for the first seven and one-half years, and during the balance of the term a quarterly rental of $46,026. And these sums appear, by the answer, to be 5 per cent. per annum and 6 per cent. per annum, respectively, on the capital stock of $3,068,400. The lessee also agreed to pay quarterly to the lessor $1,250 as and for the expense of preserving its organization. It further agreed that "it will pay all taxes, assessments and charges whatsoever that may be imposed upon or payable by said party of the first part on account of its property, franchise, capital stock or otherwise, during said term, and three-twelfths of any taxes,

assessments or charges which may be so imposed or payable for the year commencing April 1, A. D. 1889."

The lease contains a forfeiture provision, permitting the lessor to take possession of the leased property on default of 60 days in respect to any payments to be made by the lessee under the lease. It provides, further, that the lessee will indemnify and save the lessor harmless against all loss, cost, damage, or liability caused by, or arising out of, the operation of its road by the lessee, or by reason of the neglect of either party to operate said road, as required by law. It provides also, among other things, that the lessee will not permit the lessor to be subjected to any payment, penalty, or forfeiture for violation of law in any respect, and at the expiration, or earlier termination, of this lease it will return said demised road and property, with all equipment thereof, to the lessor in as good order and condition as the same were at the time of the execution of the lease, without diminution or depreciation.

At the time of the execution of the lease, the New Hampshire statutes, then in force, provided in the case of railroads for taxes on property, franchise, or capital stock; but did not provide for a tax upon incomes.

The plaintiff, a stockholder of the Boston & Maine Railroad, brings a bill of complaint, alleging that the provisions of the lease in question does not compel the Boston & Maine Railroad to pay the income taxes to the United States on income of the Northern Railroad, the substantial part of which income is the rental paid by the Northern Railroad under the lease. And it seeks to restrain the Boston & Maine Railroad from continuing to pay such income taxes.

The District Court of the United States for the District of Massachusetts heard the case on bill, answer, and a stipulation on merits and agreed facts. After such hearing, it made its decree dismissing the plaintiff's bill. The case now comes before us on plaintiff's appeal from that decree.

The appellant invokes the rule that a lessee cannot be required to pay the income taxes of a lessor, unless the lease expressly provides for payment by the lessee of taxes on rental received by the lessor. He maintains that the lease does not state that the lessee must pay the lessor's income taxes, in addition to the stipulated rent; and that a fair construction of it fails to show that the parties intended the lessee to bear the burden of paying such income taxes; that, under the recent decisions of the Courts of Massachusetts, and of other courts, the lessee is com-

pelled to pay only the taxes on account of the property, franchise, or capital stock of the lessor; that the addition of the words "or otherwise" to the words "property, franchise and capital stock" does not import an intention to impose a liability upon the lessee for the lessor's income taxes; but that the words "or otherwise" must be taken to include only taxes of a like kind or nature with those specified; and that an income tax is not of a like kind or nature with the taxes specified in the lease.

The Supreme Judicial Court of Massachusetts, in recent cases, has held that a covenant in a railroad lease to pay all taxes on account of the "property, franchise and capital stock" of the lessor does not obligate the lessee to pay federal income taxes of the lessor; that the distinction between taxes on property and taxes on income is well established; that the tax on the rental received from property is not the same as the tax on the property itself; and that, when it is the purpose of parties to a lease to include a tax assessed upon the income derived by the lessor from rent received, words must be employed clearly expressive of that purpose. Stony Brook R. Corp. v. Boston & Maine R. R. (1927) 260 Mass. 379, 157 N. E. 607, 609, 53 A. L. R. 700; Nashua & Lowell R. R. Corp. v. Boston & Maine R. R. (1927) 260 Mass. 387, 157 N. E. 611. See, also, New Brunswick and Canada R. Co. v. New Brunswick R. Co., [1924] 4 Dominion Law Rep. 962.

It must be held that the doctrine of the court of Massachusetts is well-recognized law.

In the case before us the lessee agreed to pay all taxes, assessments, and charges whatsoever that may be imposed upon, or payable by, the lessor on account of its property, franchise, capital stock, or otherwise, during a term of 99 years. The lessor entered into this agreement, having clearly before it the fact that under the existing law taxes would be imposed upon, and be payable on account of its property, franchise, and capital stock. It had before it, also, the fact that, in the long period of the lease, taxes, assessments, and charges were likely to be imposed upon it in some different manner. We think it used the words "or otherwise" to protect itself from such imposition. For 15 years, without protest or question, the lessee has paid all taxes, assessments, and charges whatsoever, including income taxes. From a careful study of the lease and of the record in the case, we are of the opinion that the clear intention of the lessee was to assure the lessor railroad that it should receive as a rental a definite income for its stockholders; and that

there would be no subtraction from the rental paid under the lease to pay taxes or charges of any kind.

We think that in the words "or otherwise" the lessee expressed its intention to pay all taxes, assessments, or charges whatsoever assessed against the lessor in addition to those upon its property, franchise, and capital stock, and that the District Court was right in its conclusion.

The decree of the District Court is affirmed, with costs to the Northern Railroad, appellee.