CHATHAM PHENIX NATIONAL BANK AND TRUST COMPANY, Corporate Trustee, and CHARLES C. MOORE, Individual Trustee, as Mortgagee in Possession and as Such Are the Landlords, *v.* MYRON H. LEWIS, Tenant.

Municipal Court of New York, Borough of Manhattan, Fifth District, February 1, 1932.

*Francis X. Dineen,* for the landlords.

*Samuel Hershenstein* [*T. Bernard Eisenstein* of counsel], for the tenant.

SHALLECK, J. This is a summary proceeding for non-payment of rent. On or about October 1, 1930, the tenant entered into a written lease with the 315 West 86th Street Realty Co., Inc., as landlord, for an apartment on said premises for a term of two years. On August 18, 1931, the 315 West 86th Street Realty Co., Inc., made an assignment of the rents, issues and profits of the demised premises to the Chatham Phenix National Bank and Trust Company as corporate trustee. The tenant has failed and refused to pay the rent for the months of October and November, 1931, and these proceedings were brought by the " Chatham Phenix National Bank & Trust Co., Corporate Trustee, and Charles C. Moore,

Individual Trustee, as mortgagee in possession, and as such are the landlords of the premises."

The tenant challenges the jurisdiction of this court and contends that the landlord's petition is defective in that it does not sufficiently set forth the interest of the petitioner in the premises of which possession is sought. Section 1415 of the Civil Practice Act requires that the petition allege " the interest therein of the petitioner or the person whom he represents, * * * " It is not necessary that evidentiary matter upon which the petitioner claims its interest be set forth. Otherwise the petitioner would be compelled to annex the agreement by which it became trustee and mortgagee in possession. That is not the purpose of the statute and would be placing too narrow a construction on section 1415 of the Civil Practice Act. The sufficiency of the allegation of " interest " in a petition is thoroughly discussed in the case of *Reich* v. *Cochran* (201 N. Y. 450). At page 455 the court said: "As we construe this section it simply means that if the case is one of landlord and tenant that fact should be stated; if it is a case in which a purchaser under execution is entitled to possession, that fact should be stated, and so on through the list. It does not mean that the applicant, who is a landlord or lessor, must plead the evidence upon which his right or title depends. The phraseology of the present statute has simply been adapted to the various cases covered by it. In a case of landlord and tenant it is enough to make any statement from which it is clear that the applicant is the lessor or his assignee and that the person is the lessee or assignee under a lease between the parties or their assignors. If that is clearly stated the applicant's interest in the premises is properly set forth." In that case the controversy arose out of the sufficiency of a petition under section 2235 of the Code of Civil Procedure, which is the section from which section 1415 of the Civil Practice Act was derived.

The tenant's contention that this proceeding could be brought only in the name of the 315 West 86th Street Realty Co., Inc., is specious, because the agreement of August 18, 1931 (an assignment of rents, profits, etc.), in paragraph 4 thereof states that suits for " all sums due or to become due " may be brought in the name of the corporate trustee. Therefore, it is unnecessary that the petition recite the interest of the assignor (315 West 86th Street Realty Co., Inc.).

The tenant attempts to set off the rent demanded in the petition by asserting as a counterclaim that the 315 West 86th Street Realty Co., Inc., on or about the 11th day of January, 1927, executed, issued and delivered a certain bond, No. 158, wherein and whereby it promised to pay to the bearer thereof, eight years

from date, the sum of $1,000, together with interest on said sum payable semi-annually. On or about the 5th day of January, 1931, the tenant purchased said bond and thus became the lawful holder and owner of the said bond. On the 11th day of January, 1931, interest on said bond became due and payment thereon is now in default.

On the said date, January 11, 1927, simultaneous with the issuance and delivery of the said bonds, the 315 West 86th Street Realty Co., Inc., as owner and landlord executed a trust mortgage to the Chatham Phenix National Bank and Trust Company (the landlord in this proceeding) as security for the issuance of this series of bonds. The bond provided that " the rights of the holders of the bonds and the terms and conditions under which the bonds are issued and secured *and the method of payment thereof*," shall be as set forth in the mortgage or deed of trust above referred to. And further provided that " said mortgage or deed of trust and this bond as well as all of the other bonds aforesaid, are to be taken and considered together as parts of one and the same contract * * * to the same extent as if said mortgage or deed of trust were herein fully set forth." And that " in case of default of payment of interest on or of the principal of any of the said bonds * * * the principal of this bond may become due and payable before its regular maturity, together with the interest accrued thereon, as provided in said mortgage or deed of trust."

The mortgage or deed of trust provides that every holder of any of the bonds accepts such bonds " subject to the express understanding and agreement that every right of action whether at law or in equity, upon or under this indenture, is vested exclusively in Trustees as Trustees of an express Trust, and under no circumstances " could the holder or any number or combination of holders of such bonds " have any right to institute any action at law upon any bond or bonds or any coupon or coupons or otherwise, or any suit or proceeding in equity or otherwise, except in case of refusal on the part of the Trustees to perform any duty imposed upon them by this indenture after request in writing by the holder or holders of bonds in aggregate face principal amount of at least $10,000.00, or at least a like aggregate amount of overdue interest coupons or a like aggregate amount of principal or unpaid outstanding bonds and of overdue interest coupons." And further provides: " That no action at law or in equity shall be brought by, or on behalf of, the holder or holders of any bonds or coupons, whether or not the same be past due, except by the Trustees or by a bond holder or bond holders or by overdue coupon holders having bonds and/or overdue coupons outstanding and secured hereby of at least the

aggregate face amount as aforesaid &ast; &ast; &ast; for the benefit of all bond holders."

The proof before me shows that the trustees have instituted suit in the Supreme Court in behalf of the bondholders pursuant to the provisions of the mortgage or trust deed.

The question arises whether or not the tenant can assert his counterclaim. Concededly, the bond contains a promise to pay. The manner of enforcing this payment in the event of default must be made in accordance with the terms of the mortgage under the express provisions of the bond. The terms of the mortgage in respect to payment are not inconsistent with the terms of the bond. The bond specifically refers to the precise method of enforcing payment. Nothing contained in the bond is calculated to deceive an innocent holder.

In *Batchelder* v. *Council Grove Water Co.* (131 N. Y. 42) the Court of Appeals affirmed a judgment for the defendant in an action brought to recover interest and principal on three bonds, there being a default in payment of interest; the maturity date for payment of principal not having arrived. The court said: " This prevents individual bondholders from pursuing an individual course of action and thus harassing their common debtor and jeopardizing the fund provided for the common benefit. &ast; &ast; &ast;

" We think that the reasonable construction of the contract requires us to hold that the principal sum of the mortgage debt, on the failure to pay interest thereon was not intended to be made payable except in the manner specifically provided by the terms of the mortgage (*McClelland* v. *Norfolk Southern R. R. Co.*, 110 N. Y. 469)."

This distinguishes the cases cited by the tenant (*Enoch* v. *Brandon*, 249 N. Y. 263; *Berman* v. *Consolidated Nevada-Utah Corporation*, 132 Misc. 462), for the recitals in the bond in those cases refer to the mortgages only as to the security but not as to the enforcement of payment.

Legal action on the part of the individual bond owners cannot be maintained and, therefore, the counterclaim must be dismissed.

The tenant in its answer has made the 315 West 86th Street Realty Co., Inc., a party defendant and seeks affirmative judgment against that defendant in the sum of $1,000. No order has ever been entered to that effect nor has a copy of the answer been served on the 315 West 86th Street Realty Co., Inc., or an appearance entered in its behalf. I have, therefore, eliminated that portion of the tenant's answer from any consideration.

Final order is awarded to the landlord. Five days' stay of execution. Counterclaim dismissed.