ANTONIO GRAGLIA, Plaintiff, *v.* CHANBROOK REALTY CO., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, April 1, 1932.

*Samuel E. Harwitz*, for the plaintiff.

*Kramer & Kleinfeld* [*David L. Weisman* of counsel], for the defendant.

LAUER, J. This is a motion for summary judgment, and only a question of law is presented for my decision.

The plaintiff is the holder of a bond issued by the defendant company in the sum of $1,000, payable by the terms of the bond to the holder thereof on January 25, 1932. The plaintiff claims to be entitled to judgment on this bond, apparently ignoring other provisions therein contained. From the third paragraph of the bond, it appears that the bond of the plaintiff is one of a series of 790 bonds maturing on different dates. By the fourth paragraph of the bond it is provided that " The payment of all of said bonds * * * is equally and ratably and without priority or preference of any bond over any other * * * secured by mortgage or deed of trust bearing even date herewith, duly made, executed, acknowledged and delivered by the Company to Herbert S. Martin as Trustee." The fifth paragraph of the bond provides: " For a more particular description of the covenants of the Company, as well as a description of the mortgaged property, the nature and extent of the security, the rights of the holders of the bonds, the terms and conditions upon which the bonds are issued and secured and the method of payment thereof, reference is made to the said mortgage or deed of trust."

There is this additional provision contained in the bond: " Each holder of this bond by accepting the same shall be deemed to have assented to and become bound by all the terms and provisions of said mortgage or deed of trust as effectually as if the terms and provisions thereof were fully set forth herein."

The affidavit submitted in reply to the motion for summary judgment recites certain provisions of the deed of trust which limit

the right of the plaintiff to enforce the bond and which, if binding on the plaintiff, are sufficient to prevent the recovery by the plaintiff in this action by the granting of this motion.

The plaintiff bases his claim for judgment upon a statement that the sum of $1,000 is due on January 25, 1932, without reference to any other restriction upon his right to sue which may be contained in the mortgage or deed of trust.

The main reliance of the plaintiff is the case of *Berman* v. *Consolidated Nevada-Utah Corp.* (132 Misc. 462), a decision of Special Term, Supreme Court, which decision was cited with approval by the Appellate Division of the Fourth Department in the case of *Goodjon* v. *United Bond & Building Corporation* (226 App. Div. 137). These decisions are based upon what is termed an inconsistency between the bond and the mortgage or deed of trust. In the present case I do not consider that an inconsistency between the bond and deed of trust exists.

I have given careful consideration to the briefs submitted by counsel and to the authorities therein referred to. I have reached the conclusion that the provision for the payment of the bond on January 25, 1932, as therein provided, must be taken in connection with the other clauses of the bond to which reference has been heretofore made by me. The reference in the bond to the limitations of the rights of the holders of the bonds cannot be ignored. The photostatic copy of the bond attached to the moving papers shows that there is considerable small type but there is not much difference in the size of the type between the specification of the date of the payment of the bond and the other provisions to which reference has been made.

I do not feel that I can disregard the explicit statement in the bond that " each holder of this bond by accepting the same shall be deemed to have assented to and become bound by all the terms and provisions of the said mortgage or deed of trust as effectually as if the terms and provisions thereof were fully set forth herein." (*Old Colony Trust Co.* v. *Stumpel*, 247 N. Y. 538; *Lidgerwood* v. *Hale & Kilburn Corporation*, 47 F. [2d] 321; *Batchelder* v. *Council Grove Water Co.*, 131 N. Y. 42; *Watson* v. *Chicago, R. I. & P. R. Co.*, 169 App. Div. 663, 671, 672.)

A substantially similar question was decided by my associate, Mr. Justice SHALLECK, in the case of *Chatham Phenix National Bank & Trust Co.* v. *Lewis* (142 Misc. 585). I quote the very apt language from the opinion in that case. " Concededly, the bond contains a promise to pay. The manner of enforcing this payment in the event of default must be made in accordance with the terms of the mortgage under the express provisions of the bond. The

terms of the mortgage in respect to payment are not inconsistent with the terms of the bond. The bond specifically refers to the precise method of enforcing payment."

The bond and mortgage or deed of trust must be regarded together, and regarding them in this light, the plaintiff is restricted in the enforcement of his individual bond to the extent that his action cannot prevail.

The motion must be denied.