SAMUEL FREILICH, Plaintiff, *v.* 79 MADISON AVENUE CORPORATION and Others, Defendants.

City Court of New York, New York County, July 14, 1932.

*Salkin & Korn* [*Jacob Rabkin* of counsel], for the motion.

*David Bernstein*, opposed.

NOONAN, J. Motion is granted and the action is dismissed on the merits. This case cannot be distinguished from the following authorities: *Batchelder* v. *Council Grove Water Co.* (131 N. Y. 42); *Old Colony Trust Co.* v. *Stumpel* (247 id. 538); *Watson* v. *Chicago, R. I. & P. R. R.* (169 App. Div. 663); *Graglia* v. *Chanbrook Realty Co., Inc.* (143 Misc. 450); *Lidgerwood* v. *Hale & Kilburn Corp.* (47 F. [2d] 321). The plaintiff is the holder by assignment from the American Trust Company, as trustee, of an interest or part of an

indebtedness created by the defendant 79 Madison Avenue Corporation in favor of said trustee. This assignment is represented by a bond which reads in part as follows: "American Trust Co., as trustee, as hereinafter described, hereby assigns to the bearer hereof, or to the registered owner hereof in case of registration as hereinafter provided, an undivided share to the extent of $1,000 * * * in a certain mortgage or deed of trust given to secure the payment of the sum of $1,900,000 * * * made by 79 Madison Avenue, Inc., together with an undivided share to the same extent in the bond or obligation described in said mortgage." This assignment clearly refers to the trust mortgage and makes the holder of the bond a participation owner in said mortgage. It seems to me, therefore, that the plaintiff when he acquired the bond knew that his rights therein were circumscribed by the provisions of the trust mortgage. In fact the complaint repeatedly refers to the trust mortgage as indicative of the plaintiff's rights. The trustee under the mortgage has commenced an action in the Supreme Court to foreclose the mortgage, and the plaintiff's remedy on his bond is confined in my opinion to that action. Otherwise, if the plaintiff was allowed to succeed in this action, he might obtain a double recovery. The foreclosure action has been brought for the benefit of all the various holders of the participation certificates, and in that action the mortgage trustee seeks the foreclosure of the mortgage and a judgment on the bond in the event of a deficiency after a sale of the mortgaged premises. The present case is distinguishable from the cases cited by the plaintiff, namely, *Enoch* v. *Brandon* (249 N. Y. 263); *Rothschild* v. *Rio Grande Western Railway Co.* (84 Hun, 103; affd., 164 N. Y. 594); *General Investment Co.* v. *Interborough R. T. Co.* (200 App. Div. 794); *Continental Securities Co.* v. *Interborough R. T. Co.* (118 Misc. 11); *Berman* v. *Consolidated Nevada-Utah Corp.* (132 id. 462). Here the plaintiff does not hold a bond which contains an unconditional obligation to pay a definite amount on a definite date. The plaintiff's rights, as evidenced by the terms of the mortgage certificate, are derived solely from the action taken by the trustee under the mortgage accelerating the due date of the principal obligation. The plaintiff is the holder of a participation certificate in the mortgage which was received from the trustee. Finally, the prohibition contained in the mortgage or deed of trust is entirely consistent with the provisions of the participation certificate. Order signed.