SAMUEL BROOKS, Plaintiff, *v.* FLATBUSH AVENUE AND NEVINS STREET CORPORATION, Defendant.

City Court of New York, New York County, August 10, 1932.

*Samuel Hoffman*, for the plaintiff.

*Jones, Clark & Higson*, for the defendant.

RYAN, J. Plaintiff brings this action to recover the proceeds of a bond in the sum of $1,000 made by the defendant to a trustee named. The bond is one of a series secured by a certain trust mortgage. Default was made in the payment of the interest due March 1, 1932.

Each bond provided: " The payment of all of said bonds, as the said bonds shall be executed, certified and delivered, together with the interest thereon, is equally and ratably and without priority or preference of any bond over any other, by any reason whatsoever, secured by mortgage or deed of trust bearing even date herewith

duly made, executed, acknowledged and delivered by the company to Herbert S. Smith, as trustee, and recorded in the office of the Register of Kings County, New York. For a more particular description of the mortgaged property, the nature and extent of the security, the rights of the holders of the bonds, the terms and conditions upon which the bonds are issued and secured, and the method of payment thereof, reference is made to said mortgage or deed of trust. Each holder of this bond by accepting the same shall be deemed to have assented to and become bound by all the terms and provisions of said mortgage or deed of trust as effectually as if the terms and provisions thereof were fully set forth herein." The trust mortgage provides: " Every holder of any of the bonds hereby secured, including pledges, accepts the same subject to the express understanding and agreement that every right of action, whether at law or in equity, upon or under this indenture, is vested exclusively in the trustee as trustee of an express trust, and under no circumstances shall the holder of any bond or coupon, or any number or combination of such holders, have any right to institute any action at law upon any bond or bonds or any coupon or coupons, or otherwise, or any suit or proceeding in equity or otherwise, except in case of refusal on the part of the trustee to perform any duty imposed upon him by this indenture after request in writing by the holder or holders of at least 51 per cent in amount of said bonds as aforesaid. No action at law or in equity shall be brought by or on behalf of the holder or holders of any bonds or coupons whether or not the same be past due, except by the trustee or by the requisite number of bondholders acting in concert under the provisions of this section for the benefit of all bondholders."

From the foregoing provision of the bond and the trust mortgage no right is conferred upon the plaintiff as an individual bondholder to maintain this action. On the contrary, the right of any holder of a bond to maintain an action thereon is vested exclusively in the trustee of the mortgage with the exception that in case of the refusal of the trustee to perform any duty imposed upon him after request in writing by the holders of at least fifty-one per cent of the amount of said bonds. And it is further expressly provided that no action shall be brought by the holder of any bond or the holder of any coupon, whether past due or otherwise, except by the trustee or by fifty-one per cent of the bondholders acting in concert. A reading of the bond puts the holder on notice as to his right and the method of payment, by reference to the mortgage or deed of trust. The complaint contains no allegation that such request was made of the trustee or that the trustee had refused to act. The cases cited by plaintiff's counsel in the memoranda submitted may

be readily distinguished in that the bond in the case at bar contained no express promise to pay, but provided in case of default that the principal and interest may become due as provided in the mortgage or deed of trust. Such a clause as was said in the case of *Batchelder* v. *Council Grove Water Co.* (131 N. Y. 42) plainly limits the effect of the provision making the principal of the bonds due upon the failure to pay the semi-annual interest and it prescribes the manner in which such a breach of the contract shall be made available. Motion granted and complaint dismissed.