**DUNHAM v. OMAHA & COUNCIL BLUFFS
STREET RY. CO.**

No. 368.

Circuit Court of Appeals, Second Circuit.
July 24, 1939.

PATTERSON, Circuit Judge, dissenting.

White & Case, of New York City (Joseph M. Hartfield, J. Adam Murphy, and William J. Killoran, all of New York City, of counsel), for defendant-appellant.

Frederic G. Dunham, of New York City (Richard E. Erway, of Washington, D. C., of counsel), for appellee.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff is the owner of twenty coupon bonds which are part of an issue of so-called First Consolidated Mortgage Gold Bonds, not to exceed $10,000,000, payable to bearer, which the defendant issued pursuant to due authorization as of December 1, 1902. They were originally payable on January 1, 1928, at the agency of the defendant in New York City but the due date has twice been extended in a manner binding upon the plaintiff and also a third time but in a way which the plaintiff insists does not affect her rights.

The bonds are secured by a mortgage on the property of the defendant in Nebraska under which the Morton Trust Company of New York was at first the trustee and now the Guaranty Trust Company of New York is the trustee by succession. The last of the two extensions whose binding effect upon the plaintiff are not questioned extended the maturity date of the bonds to January 1, 1937. They were not then paid and on July 6, 1937, the plaintiff brought this suit at law in the New York Supreme Court to recover the principal amount then claimed to be due. She is a resident of the State of New Jersey and as the defendant is not a resident of New York, the suit was removed on its petition and heard by the court following the waiver of a trial by jury.

For present purposes we shall assume, without deciding, that the plaintiff is right in her contention that the third extension of the maturity date of the bonds was invalid as to her and that at the time she brought this suit the bonds had matured. They were unpaid and her right to sue at law on the defendant's promise to pay followed as of right without resort to the security unless that promise was subject to some restriction which took away the usual right of a holder to enforce the promise by a suit thereon. That normal right of an owner of a bond in default is not subject to destruction by implication but continues to exist as a legal incident of the promise unless there is definite language to the contrary in the bond, or which is incorporated in the bond by reference to another instrument in so plain a way that the restriction is a part of the bond itself. Enoch v. Brandon, 249 N.Y. 263, 164 N.E. 45; Cunningham v. Pressed Steel Car Co. 238 App.Div. 624, 265 N.Y.S. 256, Id., 263 N.Y. 671, 189 N.E. 750.

The bonds in suit are all alike. They are each of the face amount of $1,000 and are part of $220,000 in face amount out of $5,665,000 principal amount of the defendant's bonds then outstanding whose holders did not consent to the third maturity date extension. Each contains a clause which provides that, "In case of default in the payment of this bond, or of the interest accruing thereon, or otherwise, such consequences shall ensue as are provided in the mortgage securing the payment of the same hereinafter mentioned". Disregarding any other reference to the mortgage contained in the bonds, none of which limit the effect of this one, the one quoted is a clear and specific notice to an owner that if a default occurs it will give rise to such changes in the respective rights and liabilities of the parties as the mortgage provides that they shall have. That is sufficient to modify the prior unconditional promise to pay the bonds at maturity to the extent that the mortgage language expressly does so. McClelland v. Norfolk Southern R. Co., 110 N.Y. 469, 18 N.E. 237, 1 L.R.A. 299, 6 Am.St.Rep. 397; Batchelder v. Council Grove Water Co., 131 N.Y. 42, 29 N.E. 801. This reference to the mortgage was not merely a general one for a statement of the rights of the holders as in Cunningham v. Pressed Steel Car Co., supra, or one just to call attention to the character of the security as in Enoch v. Brandon, supra. It was, on the contrary, a definite statement that upon default the ensuing consequences would be those which the mortgage provisions called into being, whatever they might be, and put the holder upon notice that there might be restrictions upon, as well as additions by way of security, to his normal right to sue upon his bond, or bonds, after default, the contingency which alone made the clause applicable. See Lidgerwood v. Hale & Kilburn Corporation, D.C., 47 F. 2d 318. We are, accordingly, in agreement with the court below in holding that the right of the plaintiff to maintain this

action is subject to such restrictions as the mortgage contains to the same effect as though such restrictions had been written into the bonds themselves. Moreover, when the maturity date of the bonds was extended the first two times the plaintiff's bonds were stamped with, or had attached to them, the modification agreements which referred again to the mortgage for the terms of payment and the conditions upon and manner in which payment might be enforced.

We shall not stop to consider those parts of the mortgage which deal exclusively with the nature of the security as they do not modify the restriction upon suits on the bonds themselves which we do rely upon. The controlling language is found in Sec. 5 of Art. 3 of the mortgage. After providing that every right of action upon or under the mortgage is exclusively vested in the trustee, the section deals with the rights of bondholders as follows: "and under no circumstances shall the holder of any bond or coupon, or any number of such holders, have any right to institute any action at law upon any coupon or coupons, or otherwise, or any suit or proceedings in equity, or otherwise, for the purpose of enforcing any payment, covenant or remedy herein or in said bonds or coupons contained, or to foreclose this mortgage" except under certain conditions stated which have admittedly not been fulfilled. The supposed deficiency in the language quoted which is said to make it ineffective as a bar to the plaintiff's right to maintain this suit is the omission of the words "bond or bonds" in that part of the clause which forbids actions by "any such holders" upon any "coupon or coupons", or otherwise. This omission has been held significant and the decision below went on the theory that the language could not, therefore, be construed to include a bondholder. Of course, an appropriate way to cover bondholders would have been their express mention by that name. But obviously, if the fair meaning of the language used did include them within its scope the effect is the same as though the omitted words above mentioned had actually been inserted. We think the language chosen and used was all inclusive. It covered "the holder of any bond or coupon, or any number of such holders, * * *". Being in the disjunctive, the phrase just quoted clearly makes such restrictions as

are imposed apply to a holder of one or more bonds as well as to a holder of one or more coupons to the extent that the restrictive words themselves relate to the enforcement of rights which flow from the ownership of one or more bonds as distinguished from such rights as the ownership of one or more coupons gives to such holders who have no bonds. It may be that only the rights of coupon holders are affected by that part which takes away the right "to institute any action at law upon any coupon or coupons, or otherwise", since whatever form that action might take it would, perhaps, have to be upon one or more coupons and so this restriction may not clearly enough apply to bondholders. However, even if that is so and the words are to be treated as having no effect upon the rights of this plaintiff who has instituted no action upon any coupon or coupons, their omission does not change the meaning of the other language. Leaving out the parts which may be said to have reference only to holders of one or more coupons, or resort to the mortgage security, the restrictive provisions would still in clear terms do away with the normal right of "the holder of any bond * * *, or any number of such holders * * * to institute * * * any suit or proceedings in equity, or otherwise, for the purpose of enforcing any payment, covenant or remedy * * * in said bonds * * * contained" except upon the conditions stated and which admittedly have not been fulfilled. The words "or otherwise" following "any suit or proceedings in equity" can only enlarge the reference to the form of action to include any other suit or proceedings which would be available to a bondholder but for such restriction. "Otherwise" means, "In a different manner; in another way, or in other ways". Webster's International Dictionary. Given their ordinary meaning in their context, the words "or otherwise" broaden the scope of the restriction to the same extent as though all possible forms of action a bondholder could institute to enforce the payment of his bonds had been included by name. For the broadening effect of the words "or otherwise" upon specific terms in connection with which they have been used see Carpenter v. Romer & Tremper Co., 48 App.Div. 363, 63 N. Y.S. 274; Whitlock v. Boston & M. R. R. Co., 1 Cir., 29 F.2d 351; Franklin Sugar Refining Co. v. United States, C.C., 137 F. 655. This point is decisive and makes it

unnecessary to deal with other phases of the appeal.

We have treated the bonds as contracts governed by New York law but if the law of Nebraska were applicable the result would be the same. Greenwald v. Omaha & Council Bluffs Street Ry. Co., 135 Neb. 183, 280 N.W. 884.

Judgment reversed.

PATTERSON, Circuit Judge (dissenting).

The right of a bondholder to bring a simple action at law on the promise of the obligor in the bond to pay him the principal amount at maturity is so absolute that to defeat the action the obligor must point to some provision in the contract which expressly or by necessary implication qualifies the right. "The commonlaw right of suing to judgment upon a written obligation admitted to be valid is of too high a character to be taken away by implications, especially if these are drawn from instruments other than that which is given in direct and positive acknowledgment of the debt." Manning v. Norfolk Southern R. Co., C.C., 29 F. 838, 839. The provision relied on to qualify may be on the face of the bonds, or it may be in the mortgage and incorporated into the bonds by reference explicit enough to put the bondholder on plain notice of it; but in either case the intent to cut down the bondholder's right to sue at law on the bond must be unmistakable. This is the law in New York, the place of performance of the covenant to pay, as well as generally elsewhere. Enoch v. Brandon, 249 N.Y. 263, 164 N.E. 45; Cunningham v. Pressed Steel Car Co., 238 App.Div. 624, 265 N.Y.S. 256, affirmed, 263 N.Y. 671, 189 N.E. 750; Manning v. Norfolk Southern R. Co., supra; McClelland and Fisher, Law of Corporate Bond Issues, pp. 136, 697.

In the present case the bonds have no language which qualifies the bondholder's right to sue on the bonds. They do, however, contain a clause that in case of default in payment of the bond, such consequences shall ensue as are provided in the mortgage securing their payment. This clause, I agree, sufficed to put a bondholder on notice that his right to sue for breach of the promise to pay might be restricted by provisions in the mortgage. Batchelder v. Council Grove Water Co., 131 N.Y. 42, 29 N.E. 801. The question then is whether any such provision can be found in the mortgage. The only provision that purports to restrict suit by bondholders is this: "Every holder of the bonds secured hereby accepts the same subject to the express understanding and agreement that every right of action, whether at law or in equity, upon or under this instrument, is vested exclusively in the Trustee; and under no circumstances shall the holder of any bond or coupon, or any number of such holders, have any right to institute any action at law upon any coupon or coupons, or otherwise, or any suit or proceedings in equity, or otherwise, for the purpose of enforcing any payment, covenant or remedy herein or in said bonds or coupons contained, or to foreclose this mortgage, except in case of refusal on the part of the Trustee to perform any duty imposed on it by this instrument in respect of such payment, covenant, remedy or foreclosure * * * after demand * * *".

The first clause plainly has to do only with actions to enforce the mortgage. In the second clause there is an express restriction against bondholders in respect to actions at law on coupons and also in respect to suits in equity to enforce any payment, covenant or remedy in the bonds, coupons or mortgage. There is no express restriction against a bondholder bringing an action at law on the bond. The appellant's argument is that the words "or otherwise", after the words "coupon or coupons", must be taken as forbidding an action at law on the bonds. The import of the words "or otherwise" is not plain. It is arguable that they were meant to restrict actions at law on the bonds; if so, the idea was most awkwardly expressed. In any event, the clause contains no language expressly or by unavoidable implication restraining a bondholder from bringing action at law on the bonds. In the absence of plain language the clause may not be given the effect claimed for it by the appellant. I am of opinion that the decision of the district court was right and that the judgment should be affirmed.