KNUDSEN-FERGUSON FRUIT CO. v. CHICAGO, ST. P., M. & O. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. October 2, 1906.)

No. 1,237.

PAYMENT—RIGHT TO RECOVER—DEMAND PAID WITHOUT DURESS OR OBJECTION.
  A consignee of a shipment of fruit, which, after the same was delivered to it and with full knowledge of the facts, paid without objection the charges of the carrier, including a charge for icing in transit, in addition to the published tariff rate for carriage, cannot thereafter maintain an action to recover back the amount of such icing charge, on the ground that it was illegally exacted.

  [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Payment, §§ 254–261, 287.]

In Error to the Circuit Court of the United States for the Western District of Wisconsin.

To review the judgment of the Circuit Court in an action brought by plaintiff in error to recover $45, claimed to have been illegally exacted by defendant in error as a charge for icing service rendered in connection with the transportation of a car load of peaches, this writ was prosecuted. The Michigan Central, Chicago & Northwestern, and Chicago, St. Paul, Minneapolis & Omaha Railway Companies operate a continuous line from South Haven, Mich., to Duluth, Minn., the points of origin and destination, respectively, of the shipment in question. As required by the interstate commerce law, these three companies had filed tariff schedules exhibiting their charges for the transportation of fruits between the points mentioned. These schedules also stated that the published charges for transportation did not include the cost of icing in transit, but that the carrier would impose an additional charge for such service. When the peaches were turned over to the initial carrier, that company received from the consignor, Gill & Crary Fruit Company, a shipping order, as follows:

"Shipping Order Michigan Central Railroad Co.

"Sept. 7, 1903.

"Gill & Crary Fruit Co., Ltd.

"The Michigan Central Railroad Company will receive and carry the property marked, consigned and destined as indicated below to the said destination, if on its road, otherwise will deliver to another carrier on the route of said destination.

"It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the conditions, whether printed or written, herein contained, both on the face and on the back hereof, and which are hereby agreed to by the shipper and by him accepted for himself and his assigns as just and reasonable.

| "Marks, Consignees and Destination. | Description of Articles. | Weight Subject to Correction. |
| --- | --- | --- |
| "Knudsen-Ferguson Fruit Co. | 400 bushels peaches in baskets with wood taps. | 20000 lb. |
| "Duluth, Minn. | S. L. & C. Gtd. | |
| | Icing $45.00. | |
| "F. G. E. 16274 | Re-ice at Chgo and St. Paul. | |
| "Via C. & N. W. | Gill & Crary Fruit Co., Ltd. Consignor." | |

The shipment reached Duluth and was delivered by defendant to plaintiff on September 12, 1903. On the 22d of September the defendant presented to plaintiff a freight bill, including the item of $138.44, which amount was made up of $93.44, the charge for transporting the peaches calculated at the

published rate for that service, and $45 icing charge. The plaintiff paid this. bill on the day it was presented. In October of the following year the plaintiff instituted suit for the recovery of the $45 and attorney's fees. The complaint alleges that when the peaches reached Duluth, and while they were yet in the possession of the carrier, the defendant demanded that plaintiff pay the amount of the icing charge, and refused to deliver the shipment until such payment was made; that the charge was unlawful, and that plaintiff was obliged to pay the money to get the shipment released; in other words, that it was a case of duress of goods.

Roger S. Powell, for, plaintiff in error.

C. D. Severance, for defendant in error.

Before BAKER and SEAMAN, Circuit Judges, and LANDIS, District Judge.

LANDIS, District Judge, having stated the case as above, delivered the opinion of the court.

The plaintiff's theory of defendant's liability is that peaches, being of a perishable nature, cannot be transported in safety the distance between South Haven and Duluth (some 800 miles) without refrigeration in transit; that the law imposes upon the carrier the duty to carry safely; that therefore, when the carrier publishes a rate for the transportation of such perishable commodity, the obligation to refrigerate rests upon the carrier as an inherent essential to safe transportation, the performance of which obligation, as contended by plaintiff, gives the carrier no right to impose an additional charge therefor. This would be an interesting question, were it before us for examination; but in our view of the case, the plaintiff having paid the money with full knowledge of all the facts and after the goods had been turned over to it by the defendant company, we are precluded from a consideration of whether or not the carrier has a right to impose a charge for icing service in addition to the published rate for transportation.

The rule is that a party may not recover back the amount of an unlawful demand, when he has voluntarily paid the same with full knowledge of all the facts, unless the payment was made "to emancipate the person or property from an actual and existing duress imposed by the party to whom the money is paid." Brumagin v. Tillinghast, 18 Cal. 265, 79 Am. Dec. 176; Baltimore v. Lefferman, 4 Gill (Md.) 425, 45 Am. Dec. 145; Lamborn v. Commissioners, 97 U. S. 181, 24 L. Ed. 926. On the other hand, the action to recover back may be maintained "if the payment is caused, on the one part, by an illegal demand, and made, on the other, reluctantly and * * * without being able to regain possession of the property except by submitting to the payment." Maxwell v. Griswold, 10 How. (U. S.) 242, 13 L. Ed. 405.

In the pending cause, as seen above, the carrier's published tariff schedules notified the shipper that for furnishing ice in transit a charge in addition to the published freight rate would be made, and the shipping order of the consignor (who, for this purpose, was the agent of the plaintiff, consignee) specifically included the item for refrigeration by name and amount. The shipment was delivered to the plaintiff September 12th, and 10 days thereafter the defendant presented its bill, which, without even an expression of dissatisfaction, the plaintiff paid. Obviously, there was no duress of goods.

The payment having been deliberately made with full knowledge of all the facts, and after the shipment came into the possession of the consignee, the legality of the icing charge is not before us for determination, and the judgment is affirmed.