## NEW YORK & PENNSYLVANIA CO. et al. v. DAVIS, Director General of Railroads, et al.

(District Court, W. D. New York. May 12, 1925.)

1. Carriers ⊛30—Carrier forbidden to exact more or less than published rate or charge.

Shipper by rail must pay specified tariff charges, and carrier is forbidden to exact more or less than published rate or charge.

2. Carriers ⊛195—Freight on through shipments from Canada to United States payable in American money.

Freight charges on through shipments from Canada to the United States are payable at schedule rates in American money.

3. Commerce ⊛85—Jurisdiction of Interstate Commerce Commission limited to that part of shipment which takes place in United States.

Jurisdiction of Interstate Commerce Commission over transportation to and from a foreign country is limited to that part of the shipment which takes place in the United States.

4. Carriers ⊛195—Payments on through shipment from foreign country controlled by law of place where contract will be performed, and must be in currency of such place.

Where a through shipment of freight is made from foreign country into United States, payments thereon are controlled by law of place where contract is to be performed, and any question with relation to character of money in which payments are to be made, if not specified, must be in currency of country where contract is to be fulfilled, regardless of fact that contract was entered into in foreign country.

5. Carriers ⊛200—Shipper, voluntarily making payment in United States money on through shipment from Canada, could not recover as overcharge difference between money paid and carriage charge in Canada.

Where shipper made through shipment of pulpwood from Canada into United States, and voluntarily paid through rate in United States money on its arrival in accordance with Interstate Commerce Act, § 6, par. 7 (Comp. St. § 8569), *held* such payment was not illegally exacted, and shipper could not recover as overcharge the difference between amount paid in United States and charge for carriage in Canada in depreciated Canadian currency.

In Equity. Bill by the New York & Pennsylvania Company and another against James C. Davis, Director General of Railroads and Agent of the United States, and another. On motion to dismiss bill. Bill dismissed.

Arthur B. Hayes, of Washington, D. C., for plaintiffs.

John F. Finerty, Asst. Gen. Counsel U. S. Railroad Administration, of Washington, D. C., for James C. Davis.

Havens, Mann, Strang & Whipple, of Rochester, N. Y., for Buffalo, Rochester & P. R. Co.

HAZEL, District Judge. This is a motion to dismiss the bill of complaint. The admitted facts, in so far as material, show that plaintiff shipped large quantities of wood pulp from Canada to points in the United States; the shipments being partly over Canadian railroads and partly over the lines of the defendant Buffalo, Rochester & Pittsburgh Company, in this country, on a through rate. The Canadian rail tariff for through shipments to points in this country was filed in Canada, and was concurred by defendant railroad company as connecting carrier, and it was also filed with the United States Interstate Commerce Commission. Plaintiff, without objection or protest, paid the through rate on the commodity in United States currency on its arrival at points of delivery, in accordance with the tariff and as required by paragraph 7, § 6, of the Interstate Commerce Act (Comp. St. § 8569). Under the tariff regulation and the prevailing custom among carriers, the Canadian carriers were entitled to receive payment in Canadian money for their transportation service in Canada to the boundary line, and for any continued transportation in the United States in American dollars and cents. The bill shows that at the time of the transportation Canadian dollars were at a depreciated exchange value, or at a discount, and accordingly the question in this case arises (since full through tariff was collected in the United States), whether there was an overcharge consisting of the difference between the amount collected in United States money and the charge for the carriage in Canada.

An accounting is sought for the alleged overcharge in freight arising on the payments of the through rate in our money, which, in view of the circumstances, is claimed by plaintiff to have been unfair and unjust.

The motion to dismiss is based on various grounds; the main ground being that the bill lacks equity and that no liability was imposed on defendants by the admitted facts. There have been two decisions in other jurisdictions adverse to the plaintiff, and the bills dismissed for want of equity. In each case the opinion of the court is complete and comprehensive and contains discussions of the various contentions, and it is therefore unnecessary for me to attempt any extended elaboration, or to analyze the numerous citations in the brief, or to separately apply them upon the different grounds upon which the motion is based.

[1, 2] It is clear, from reading the bill

and the tariff acts in force at the points where the merchandise was delivered, that the shipments were governed with relation to payments of the carrying charges as required by the statute and published rates and charges. The law without any qualifications requires a shipper by rail to pay the specified tariff rates and charges, and the carrier is forbidden to exact more or less for the transportation than the published rate or charge. As was well stated by Judge Dickinson in the case decided by him. N. Y. & Penn. Co. v. Davis (D. C.) 2 F.(2d) 858, decided, December, 1924. The payment was necessary in express dollars or units, money of the United States, and not of the value or denomination of the foreign country where the shipment was started. This measure of payment, he thought, might lead to unfairness if the connecting carriers settled with the Canadian carriers on the basis of the value of Canadian money, but that any such advantage inuring to the defendant would not justify ignoring the express provision of the statute and the unqualified rates and charges for transportation.

[3-5] Counsel for defendant railroad company contended that the Interstate Commerce Commission, in the first instance, has jurisdiction to make corrections in the asserted overcharges, and hence the application to this court was premature. It is, however, questionable whether the jurisdiction of the Interstate Commerce Commission is broad enough to include transportation occurring in a foreign country, and, indeed, the Interstate Commerce Commission has held (Hale-Halsell Grocery Co. v. New Mexico Cent. R. Co. et al., 50 Interst. Com. Com'n R. 263) that its jurisdiction over transportation to or from a foreign country is limited to that part of the transportation which takes place in the United States. The shipper was presumably aware of the law, and the payments of the through rate from the place in Canada where the wood pulp was loaded into cars to the place of delivery in this country were voluntarily made, and were not illegally exacted. Knudsen v. Chicago, etc., 149 F. 973, 79 C. C. A. 483. Such payments, in my opinion, are controlled by the law of the place where the contract is to be performed, and any question with relation to the character of the money in which payment is made, if not specified, must be in the currency of the country where the payment is to be made or contract fulfilled, and that it was entered into in a foreign country does not alter the rule. Such was the substantial holding of Judge Bondy in Mountain Lumber Co. v. Davis, 9 F.(2d) 478, decided recently, and I think he correctly applied the rule. It is true that the Canadian tariffs do not specify that the freight charges to the boundary line must be paid either in our money or in Canadian money at the point of delivery, and also that on prepayment of the freight in Canada for through shipments to points in this country a surcharge is added to make up the difference based on our rates. But, answering this contention, it is only necessary to repeat what has already been suggested, that Congress, in providing for through rates and charges, did not take into consideration the difference in exchange values of foreign money. Perhaps we may indulge in the presumption that the shipper, in fixing the sales price of the wood pulp, had in mind that payments on a through rate would be required in our money and the price increased accordingly. Even if this presumption is not warranted, he certainly had the option of forwarding the merchandise on a local rate which would have been at a less rate than the through rate.

The bill, in my opinion, does not state a good equitable cause of action and, without deeming it necessary to pass on any of the other grounds assigned, must be dismissed with costs. So ordered.