MAX BERMAN, Plaintiff, v. CONSOLIDATED NEVADA-UTAH COR-
PORATION, Defendant.

Supreme Court, New York County, June 30, 1928.

Corporations — bonds — action is based on bonds and coupons of defend-
ant — each bond and coupon contains unconditional promise to pay
bearer on due days — bonds were secured by indenture of mortgage
which limited rights of holders to commence action when obligations
of securities had not been met — limitation is inconsistent with uncon-
ditional obligation to pay — unconditional obligation to pay must
prevail over inconsistent provisions of indenture.

This action is predicated on bonds of defendant in the sum of $100 each and
interest coupons attached thereto, all of which have matured and remain
unpaid. Each bond contains an unconditional promise to pay to bearer at
New York city on the due days specified the principal sum named in the bond.
Each coupon contains an unconditional promise to pay the amount of interest
then due on the bond. Each bond, which was secured by the indenture of
mortgage entered into between the defendant and a trust company, contained
a provision referring to the indenture. But the provision in the indenture
limited the rights of the holders of the bonds and the coupons to commence
a suit when the obligations of the bonds and coupons were not met. Since the
limitation in the indenture is inconsistent with the unconditional obligation to
pay, set forth in the bonds, the only conclusion to be drawn is that the uncon-
ditional obligation to pay, contained in the bonds, must prevail over the
inconsistent provision of the indenture and the plaintiff is entitled to summary
judgment.

MOTION under rule 113 of the Rules of Civil Practice for an order striking out defendant's answer and directing judgment for plaintiff.

S. Zinman, for the plaintiff.

Rounds, Dillingham, Mead & Neagle, for the defendant.

PETERS, J.   The action is based on twenty-one bonds of defendant in the sum of $100 each and the interest coupons attached thereto, all of which have matured and remain unpaid.   Each of the bonds contains an unconditional promise to pay to bearer at the office or agency of the corporation at New York city on the due days set forth, the principal sum named in the bond.   Each coupon contains an unconditional promise to pay the amount of the interest then due on the bond.   The bonds were secured by an indenture of mortgage entered into between the defendant and the Columbia-Knickerbocker Trust Co.   Each bond contains the following provision: " *   *   *   reference to which Indenture, is hereby made for a statement of the nature and extent of the security, the rights of the holders of bonds, and the terms and conditions upon which the bonds are issued."

Article IX, section 14, of the indenture of mortgage reads: " No holder of any bond or coupon or bond scrip certificate *shall have any right* except as provided in Article Three hereof in respect to the conversion of bonds and bond scrip into stock, *to institute any suit, action or proceeding, at law or in equity, upon any of the bonds or coupons or scrip certificates,* or for the enforcement of any of the provisions of this Indenture, or by reason hereof, *unless* such holder previously shall have given to the Trustee, written notice of default and of the continuance thereof as hereinbefore provided; nor unless also the holders of five per cent (5%) in amount of the bonds then outstanding shall have made written request upon the Trustee and shall have afforded to it a reasonable opportunity to institute such suit, action or proceeding in its name; *nor unless,* also, there shall have been offered to the Trustee adequate security and indemnity satisfactory to the Trustee against the costs, expenses and liability to be incurred therein or thereby, and the Trustee shall have failed, neglected or refused to institute such suit, action or proceeding for ninety days thereafter; *and such notification, request and opportunity to act thereunder and hereunder, and such offer of indemnity are hereby declared in every such case,* at the option of the Trustee or of the Company, *to be conditions precedent to the institution of any such suit, action or proceeding, and to any other remedy hereunder.*"

The answer alleges that the plaintiff has given no notice of default to the trustee; that five per cent of the bondholders have made no request of the trustee; that no security has been offered to the trustee, and that neither the company nor the trustee has waived any of the conditions or provisions of the indenture of mortgage.   The defendant contends that the indenture bonds and coupons must be read together to ascertain the rights of the

Supreme Court, June, 1928. [Vol. 132

plaintiff herein, and that the bonds and coupons contain notice to the holders of the provisions of the indenture limiting the right of the plaintiff to bring the present action on the bonds owned by him.

The nearest case in point is the case of *Beach* v. *Supreme Tent K. of M.* (177 N. Y. 100). The plaintiff brought an action against the defendant fraternal association to recover a benefit under a provision contained in the by-laws at the time plaintiff became a member. The by-law was subsequently amended changing the benefits to which members were entitled, under certain contingencies, by virtue of a provision in the constitution of the defendant which permitted alteration or amendment of the by-laws. The court held that the stipulation in the certificate of membership reciting the benefit to which the plaintiff was entitled under certain circumstances as provided in the by-laws of the order was an absolute contract to pay the amounts recited in such by-law, and that such contract could not be impaired or changed without the consent of the member by a subsequent by-law. The court said (at p. 104): " The contract expressed in the certificate is absolute. * * * It has been held in the case of railroad bonds that if the bonds and trust deed contain inconsistent provisions, those contained in the bonds must prevail over those contained in the deed, for the reason that it is the provisions of the bonds that meet the eye of a purchaser and induce the purchase. (*Rothschild* v. *Rio Grande Western Railway Co.*, 84 Hun, 103; affd., on opinion below, 164 N. Y. 594.) The same principle was applied by this court and the case last cited approved in *Imperial Shale Brick Company* v. *Jewett* (169 N. Y. 143). * * * Under the doctrine of these cases we think that the obligations assumed by the defendant in its certificate of membership should not be impaired by provisions of the constitution and laws of the order to which the attention of the member might never be called, or, at least, they should not be cut down under the reservation of the power to amend." The court held that in order to subject the rights of the plaintiff to changes as the by-laws were amended such explicit terms would have to appear on the face of the certificate itself in order to be effectual.

In *Rothschild* v. *Rio Grande Western R. Co.* (84 Hun, 103) plaintiff sued to recover the amounts named in the bonds as unconditional obligations of the company. The defense was made that the trust deed contained provisions which negatived the right of the plaintiff to sue on the bonds. A reading of the trust deed in that case shows that it did not contain therein such a provision. The following citation from the opinion of the court in the *Rothschild*

case is, therefore, *obiter* but nevertheless indicates the rule which should be applied to the decision in the case at bar. The court said (84 Hun, 109): " As before stated, we conceive that the bonds and trust deed are to be construed together as forming the contract, in case they can be harmonized; but in case the bonds and deed contain wholly inconsistent provisions, those contained in the bonds must prevail over those contained in the deed. The provisions of the bonds meet the eye of the purchaser and are designed by the corporation to influence their sale, and they cannot be nullified by an inconsistent provision contained in the trust deed. As before stated, these bonds and coupons contain an absolute promise to pay definite sums on specific dates, which implies a right of action in case of failure, and if the Eighth article is capable of the construction contended for by the corporation it is utterly inconsistent with the bonds, which in that case must prevail."

In *General Investment Co.* v. *Interborough R. T. Co.* (200 App. Div. 794, 801) the court said: " Neither the plaintiff nor the holder of any of said notes was a party to said collateral trust indenture, and, therefore, the holder of said notes is in nowise bound by said clause. (*Rothschild* v. *Rio Grande Western R. Co.*, 84 Hun, 103; affd., 164 N. Y. 594.) "

In neither of the last two cases did the trust deed attempt to limit the right of the holders of the bonds to sue for the obligations named in the bonds upon default in payment. Such a limitation has been attempted in the case at bar by the language hereinbefore quoted contained in the indenture. Such a limitation is inconsistent with the unconditional obligation to pay contained in the bonds, even though reference is made in the bond to the indenture. While the language quoted in each of the last two cases was not necessary for the decision of the case, the reasoning therein contained is persuasive, and when we have in addition the ruling of the Court of Appeals in the *Beach Case* (*supra*) the only conclusion to be drawn is that the unconditional obligations to pay contained in the bonds and the coupons must prevail over the inconsistent provision of the indenture which attempts to limit the rights of the holders of the bonds and coupons to bring suit when the obligations of the bonds and coupons are not met. The application for summary judgment must, therefore, be granted, with ten dollars costs.