### MENDELSON v. REALTY MORTGAGE CORP.

1. BONDS—BONDS AND MORTGAGES DISTINGUISHED.

    Bond and its securing mortgage have different functions, are governed by different legal principles, and, for some purposes at least, are separate contracts; bond being contract to pay, and mortgage being separate contract to secure payment.

2. SAME—WHEN PROVISIONS OF MORTGAGE INCORPORATED INTO BOND.

    Provisions of mortgage are incorporated into bond only in so far as, by proper language, they are made part of bond and holder is thereby given notice of them.

3. SAME—MORTGAGES—CONSTRUCTION—MODIFICATION OF BOND BY REFERENCE.

    Because negotiability of bonds is necessary to transaction of business, and to protect bondholder from conditions in mortgage which he ordinarily does not see, courts are inclined to strict construction of language which attempts to modify bond by incorporation in it, through reference, provisions of mortgage.

4. SAME—RIGHT TO SUE—NEGOTIABLE BONDS—STATUTES.

Bond secured by mortgage being contract to pay, holder has right to sue upon it; said right being expressly provided by statute (2 Comp. Laws 1929, § 9300) as to negotiable bonds, and, if said right may be restricted, limitation must be clearly expressed.

5. SAME—MORTGAGES—LIMITATION ON RIGHT TO SUE.

Limitation in mortgage only securing bonds, vesting right of action "on or under this indenture" exclusively in trustee, is not applicable to bonds, and therefore does not restrict right of bondholder to sue on bond.

6. CONTRACTS—CONSTRUCTION.

Courts may not make contracts for parties, but must assume that they are made in light of established principles of law.

7. SAME—PARTIES MAY NOT BE DEPRIVED OF RIGHTS BY CONSTRUCTION.

Courts may not deprive individuals of contract rights acquired under established principles of law because later conditions indicate different contract should have been made, nor should court, for benefit of single case, force construction of contract which, as precedent, would have disastrous general effect.

Appeal from Wayne; Webster (Arthur), J. Submitted January 12, 1932. (Docket No. 120, Calendar No. 36,098.) Decided March 2, 1932.

Assumpsit by Celia Mendelson against Realty Mortgage Corporation, a Michigan corporation, upon trust mortgage bonds. Judgment for plaintiff. Defendant appeals. Affirmed.

*Samuel H. Rubin* (*Henry Glicman,* of counsel), for plaintiff.

*James I. Ellman* (*Henry P. Rosin,* of counsel), for defendant.

FEAD, J. Defendant reviews summary judgment at suit of a holder of bonds secured by trust mort-

gage on real estate. The question is whether the right to sue reposes in the trustee and is denied the bondholder.

The bond, in ordinary form payable to bearer, recites:

"This bond is one of an issue of bonds of like date and tenor * * * all of which bonds are equally secured by a first mortgage or deed of trust, * * * to which mortgage or deed of trust reference is hereby made for a description of said property, the nature and extent of the security and the rights of the holders of the bonds issued under the same. * *· *

"This bond shall pass by delivery unless registered in accordance with the provisions indorsed hereon, and shall not be valid or obligatory unless authenticated by the certificate of the trustee of said mortgage indorsed hereon, and it is issued, received and held subject to all the terms and conditions of said trust mortgage."

The mortgage provides:

"The right of action under this indenture is vested exclusively in the trustee and under no circumstances shall any bondholder have any right to institute any action or other proceedings on or under this indenture, except in the case of refusal on the part of the trustee to perform some duty imposed upon it by this indenture; and all actions and proceedings for the purpose of enforcing the provisions of this indenture shall be instituted and conducted by the trustees according to their sound discretion."

The mortgage also provides that on 60-day default the trustee may, and upon written request of holders of a majority of the bonds shall, declare the whole amount of principal and interest due forthwith, and that the trustee is under no obligation to

recognize any person as a bondholder until he deposits the bond and indemnifies the trustee against expenses. The mortgage is not set out in the record, and, except as above, we are not informed of its terms.

Counsel have briefed the case exhaustively and from many angles, but because of the variety in form of bonds and mortgages extant and the diversity of complications and claims which may arise from them, we deem it advisable to confine decision to the specific issues and contentions before us.

Defendant, invoking the rule that instruments executed contemporaneously in a single transaction are to be construed together, contends that the bonds and mortgage are to be taken as though they were incorporated into a single form of contract. From this premise, it argues that the term "this indenture" refers to the whole, the bonds as well as the mortgage, and, consequently, that the right to sue on or under either is vested exclusively in the trustee.

The rule invoked by defendant has its limitations (3 R. C. L. p. 871), which need not be discussed because it is a fact, recognized alike by business and the law, that a bond and its securing mortgage have different functions, are governed by different legal principles, and, for some purposes at least, are separate contracts. *Paepcke* v. *Paine,* 253 Mich. 636 (75 A. L. R. 1205). If it were not so, there would be no negotiable bonds except by accident, because provisions found in practically all trust mortgages would destroy negotiability. *First State Savings Bank* v. *Russell,* 244 Mich. 298.

Primarily, a bond is a contract to pay, the mortgage is a separate contract to secure payment. The provisions of the mortgage are incorporated into the bond only insofar as, by proper language, they

are made part of the bond and the holder thereby is given notice of them. *Guilford* v. *Railway Co.*, 48 Minn. 560 (51 N. W. 658, 31 Am. St. Rep. 694). The incident of negotiability in bonds necessary to enable the business of the country to be transacted and the protection of the bondholder from conditions in a mortgage which he ordinarily does not see and which are not set out in the bond which he does see, have properly inclined the courts to a strict construction of language which attempts to modify the obligation of and rights under a bond by incorporation in it, through reference, of provisions of the mortgage. *Goodjon* v. *United Bond & Building Corp.*, 226 App. Div. 137 (234 N. Y. Supp. 522); *Mack* v. *American Electric Telephone Co.*, 79 N. J. Law, 109 (74 Atl. 263); *Reinhardt* v. *Inter-State Tel. Co.*, 71 N. J. Eq. 70 (63 Atl. 1097).

The bond being a contract to pay, the holder has the right to sue upon it. 41 C. J. p. 654. As to negotiable bonds, the right is expressly provided by statute. 2 Comp. Laws 1929, § 9300. Whether this right can or cannot be restricted by the mortgage (*Boley* v. *Railroad Co.*, 64 Ill. App. 305; *Crosthwaite* v. *Moline Plow Co.*, 298 Fed. 466; *Allan* v. *Moline Plow Co.* [C. C. A.], 14 Fed. [2d] 912; *Berman* v. *Consolidated Nevada-Utah Corp.*, 132 Misc. Rep. 462 [230 N. Y. Supp. 421]; *Goodjon* v. *United Bond & Building Corp., supra*), we need not determine. If it can be restricted, the limitation must be clearly expressed.

We also pass without decision plaintiff's point that the bond merely makes "reference" to the mortgage and that the words "subject to" in the second quoted paragraph above apply only to registration and authentication, and the mortgage does not limit the right of action at all.

Assuming, then, but without deciding, that the right of a bondholder to maintain action on the bond may be restricted by the mortgage, and that the language of the bond at bar incorporates into it any restrictions upon such right enumerated in the mortgage, does this mortgage deny him the right to sue at law on the bond?

The right of action vested exclusively in the trustee and denied the bondholder is "on or under this indenture." We may assume that the mortgage is in the usual form, beginning "this indenture." The expression is not used in the bonds. From defendant's failure to show otherwise, we also assume that nowhere in the mortgage are the words used to include the bonds, except for the contention here. As the expression is used only in the separate and individual instrument, the mortgage, it must be confined thereto. A bondholder would so understand from the use of the word "this." Moreover, historically, the indenture was a conveyance of real estate, and, while some of the old rules and practices have been changed, the word still is commonly restricted to instruments affecting real property. It is not applicable to a bond, which is a mere promise to pay. We think the language of the mortgage cannot be construed to restrict the right of the bondholder to sue at law. In *General Investment Co.* v. *Interborough Rapid Transit Co.,* 200 App. Div. 794 (193 N. Y. Supp. 903), the only cited case closely in point on language of the provision, the court said:

"The present action is not barred by the clause in question, as the action is not to enforce the indenture or any rights thereunder, or to secure any remedy or relief therein provided. The action is by the holder of the notes against the maker on the maker's

primary obligation to pay the debt evidenced by said notes. Such an action is not prohibited by said clause of the collateral trust indenture. Said clause relates solely to the enforcement of the collateral security for the payment of said notes, and in no manner affects the action upon the notes themselves. The law has long been well settled that one holding a primary obligation to pay money secured by mortgage may bring action to recover upon the primary obligation without seeking to enforce the security."

Counsel have argued at some length the possible business effect of a decision in this case. In proper cases the courts have given weight to such considerations. But they also must be kept in mind in the drafting of instruments. Courts cannot make contracts for parties. They must assume that contracts are made in the light of established principles of law, and they cannot deprive individuals of contract rights acquired under such principles because later conditions indicate that a different contract should have been made. Nor should the court, for the benefit of a single case, force a construction which, as a precedent, would have a disastrous general effect. While defendant urges that negotiability of bonds is not in issue here, it is apparent that the application of the rule upon which it lays its case to mortgage bonds would imperil, if not certainly destroy, their negotiability.

We discover no error in the record, and judgment is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.