HERMINE MOSCOWITZ, Respondent, v. HERMAN H. MOSCOWITZ, Appellant.— Judgment restraining the defendant husband from prosecuting an action for divorce in the State of New Jersey, etc., and order denying defendant's motion for a new trial, reversed on the law, without costs, and a new trial granted. Plaintiff offered no evidence of the allegations in her complaint that the appellant is and continuously has been a resident of the State of New York. The evidence before us tends to establish that the appellant has been a resident of the State of New Jersey since May, 1935. We grant a new trial for the purpose of enabling plaintiff to offer any evidence she may have of the allegations of the complaint which have been denied and for further consideration of the local laws in respect to residence of employees whose compensation is paid solely or in part from funds of the city of New York. Hagarty, Carswell, Davis, Adel and Close, JJ., concur.

PAN AMERICAN SECURITIES CORPORATION, Respondent, v. FRIED, KRUPP AKTIENGESELLSCHAFT, Appellant. (Action No. 2.) — The suit is to recover on bonds issued by defendant in Germany in 1927, with part of the issue sold in Holland and alternatively payable at banks in the latter country. Plaintiff purchased the bonds after maturity and presented them for payment at one of the designated banks in Holland, where payment was refused — no provision having been made for payment there. The principal defense was that since the bonds were issued statutes enacted in Germany, called the Devisen Laws, prevented the transmission of currency or foreign exchange from Germany to any foreign country to meet obligations of this nature; and, therefore, it was impossible for defendant to perform by remitting any money to banks in Holland, though it was willing to pay in " blocked marks " if the bonds were presented in Germany. The primary questions are in respect to the extraterritorial effect of the Devisen Laws; whether the law of the place where the contract was made or the law where performance or payment is designated shall control; and whether the public policy or law of the forum shall be operative in determining the matter of right and justice between the parties. Other questions raised on the appeal need not be noted. Order striking out defendant's answer and granting summary judgment and the judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements, on the authority of Zurich Gen. Ins. Co. v. Bethlehem Steel Co. (279 N. Y. 495); Anglo-Continentale Treuhand, A. G., v. St. Louis S. W. R. Co. (81 F. [2d] 11; certiorari denied, 298 U. S. 655), and Central Hanover Bank & T. Co. v. Siemens & Halske G. (15 F. Supp. 927; affd. on opinion below, 84 F. [2d] 993; certiorari denied, 299 U. S. 585). Present — Hagarty, Carswell, Davis, Adel and Close, JJ. [169 Misc. 445.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK DE FEO Appellant.— Judgment of the County Court of Westchester county convicting the appellant of the crime of burglary in the third degree, after a plea of guilty, and orders denying motions for a new trial and in arrest of judgment unanimously affirmed. No opinion. Present — Lazansky, P. J., Davis, Johnston, Taylor and Close, JJ.