DAVID KASSEL, Respondent, *v.* N V. NEDERLANDSCH AMERI-KAANSCHE STOOMVAART MAATSCHAPPIJ, Sued Herein as HOLLAND AMERICA LINE, Appellant.*

Supreme Court, Appellate Term, Second Department, December 12, 1940.

---

* See *Zimmern* v. *N. V. Nederlandsch Amerikaansche, etc.* (177 Misc. 91).

*Burlington, Veeder, Clark & Hupper* [*Edward L. Smith* with them on the brief], for the appellant.

*George D. Ordman,* for the respondent.

PER CURIAM. Judgment unanimously reversed and order unanimously modified upon the law, with ten dollars costs to the defendant. The order granting summary judgment is modified by providing therein that the motion is granted except as to the amount of the damages and by providing that an assessment to determine the amount of such damages be had before the court below, and as so modified affirmed, without costs.

Under the contract of passage the plaintiff, not having taken passage under the contract, was entitled to a refund of reichsmarks in Germany or elsewhere, depending upon where demand therefor is made. Since demand for the refund was made by the plaintiff in New York, the internal laws of the German Reich have no application, for all matters connected with the performance of a contract are regulated by the law of the place where the contract is to be performed. (*Union Nat. Bank* v. *Chapman,* 169 N. Y. 538; *Pan-American Securities Corp.* v. *Fried. Krupp Aktiengesellschaft,* 169 Misc. 445; affd., 256 App. Div. 955.) The defendant's obligation to refund reichsmarks in New York entitled the plaintiff to a judgment in dollars measured by the rate of exchange prevailing at the date of the defendant's breach. (*Hoppe* v. *Russo-Asiatic Bank,* 235 N. Y. 37, 39.) The court below erred in applying the rate of exchange expressed in the contract.

Present — LEWIS, SMITH and STEINBRINK, JJ.