## LIEBESKIND v. MEXICAN LIGHT & POWER CO., LIMITED.

### No. 68.

Circuit Court of Appeals, Second Circuit.

Jan. 20, 1941.

Robert H. Radsch, of New York City (Auchincloss, Alley & Duncan, of New York City, of counsel), for appellant.

Joseph Rosenblatt, of New York City, for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This action, commenced in a state court, was removed to the district court; the plaintiff is a resident and citizen of the State of New York, the defendant a corporation organized under the laws of the Dominion of Canada. Upon complaint, answer and supporting and opposing affidavits, the district court granted the plaintiff's motion for summary judgment for the face amount of six bonds which formed part of a large issue of the defendant's mortgage bonds maturing February 1, 1940. The appeal presents two questions: (1) whether an individual bondholder may maintain a separate action on his own behalf, independent of the other bondholders; and, second, if he may, whether recovery should be for the face value of his bonds measured in terms of United States dollars or Canadian dollars, the latter being worth only 87.5 cents per dollar in American money at the

rate of exchange current on February 1, 1940, when the plaintiff's bonds were presented for payment in New York and dishonored.

■ The bonds in suit are bearer bonds of which the plaintiff became the holder in due course by purchase prior to their maturity; two of them are for $500 each, and four for $1,000 each. Each bond contains an express promise by the defendant "to pay to the bearer hereof, or, if registered, to the registered holder hereof, the sum of ————dollars in gold coin * * * at the office of the Bank of Montreal, in the City of Montreal, Canada, or in the City of New York, U. S.A., or in the City of London, England, at the option of the holder," with interest "payable half yearly at either of said places at the holder's option, in like money." Each bond recites that it is one of a consecutively numbered series consisting of four thousand bonds for $500 each and ten thousand bonds for $1,000 each, "payable without preference or priority of one over another," and secured by mortgage, "as by reference to the said mortgage will more fully appear." There is also a later recital to the effect that the bond may, with the consent of the Company, be surrendered for cancellation and the issuance in lieu thereof of "a bond and interest coupons payable in sterling money of Great Britain, as provided in said mortgage."

It is upon the phrase "payable without preference or priority of one over another" that the defendant bases its contention that an individual bondholder cannot maintain an action at law in his own behalf on maturity of the bonds. We agree with the district judge that such an interpretation of the phrase is unjustified. Since the plaintiff's election to demand payment in New York City fixed that as the place of performance (Restatement, Conflict of Laws, § 356), the law of New York must be applied in determining all matters connected with performance. Restatement, Conflict of Laws 359; London Assurance v. Companhia de Moagens do Barreiro, 167 U.S. 149, 160, 17 S.Ct. 785, 42 L.Ed. 113; Pan-American Securities v. Krupp Actiengesellschaft, 169 Misc. 445, 451, 6 N.Y.S.2d 993, affirmed 256 N.Y.App.Div. 955, 10 N.Y.S.2d 205. It is the law of New York, as well as the law generally, that if an instrument contains an unequivocal promise to pay, clear and unambiguous language is required to deprive the obligee of his right to bring action when the promise is broken. Cunningham v. Pressed Steel Car Co., 263 N.Y. 671, 189 N.E. 750; Goodjon v. United Bond & Building Corp., 226 App.Div. 137, 142, 234 N.Y.S. 522; Noble v. European Mortgage & Inv. Co., 19 Del.Ch. 216, 165 A. 157; Frobisher v. Tudor Corp., 114 N.J.Eq. 470, 168 A. 855; see 108 A.L.R. 88, 94. At best the clause relied upon is ambiguous. In its context the more reasonable meaning is to read it as declaring that there shall be no preference or priority between the bonds because of differences in face amount or serial numbers. Suit on the bond by the individual creditor gives him no advantage over other bondholders; all others have a like right. To construe the disputed clause as depriving the holder of his individual right of action unless all bondholders join in the suit, would destroy the negotiability of the bonds, which other provisions of the bond and the mortgage clearly indicate they were intended to have. The cases relied on by the appellant are distinguishable.

■ The second contention raises a more doubtful question. The bonds in suit carry upon their face the maker's promise to pay the stated number of dollars (500 or 1,000, as the case may be) in Montreal, New York, or London, at the holder's option. The plaintiff contends that the only reasonable conclusion is that the defendant intended that the word "dollars" means either Canadian or American dollars depending upon the place where the bond was presented for payment. But the mortgage contains several passages which contradict such an intention. Paragraph 2 thereof begins as follows: "The total issue of bonds hereby secured amounts to twelve million dollars of lawful money of Canada, consisting of four thousand bonds, numbered respectively 0001 to 4,000, both inclusive, for the sum of five hundred dollars, * * *".

As the mortgage states that it secures twelve million dollars in Canadian money, it is clear that twelve millions in such money is the extent of the total obligation represented by the bonds. It would be unreasonable to conclude that the company intended to repay any amount other than this stated obligation. This, however, will be the result if payment is made in a medium other than that in which the total debt is stated.

The trustee under the mortgage was National Trust Company, Limited; it was evidently a Canadian corporation (see paragraph 27). The bonds were to be executed by the company and delivered to the trustee, and the proceeds of sales were to be received by it and disbursed, as provided, or deposited in a Canadian bank (paragraphs 4, 5, 6, 8). Beyond question the references in these paragraphs to "dollars" contemplated Canadian dollars. Any doubt should be dispelled by paragraph 11 which gives to holders of bonds the privilege "with the consent of the Company" of having them converted into bonds payable in British sterling "at the rate of $486.66⅔ for every £100 sterling". The paragraph proceeds: "Instead of hereafter issuing bonds, payable in lawful money of Canada, as hereinbefore provided, the Company may issue in lieu thereof" bonds and interest coupons payable in sterling, and the holders of such bonds are to have "the same securities, rights, powers and privileges as if such bonds had been issued payable in lawful money of Canada as hereinbefore provided." This is a clear expression that in the absence of the exercise of the exchange privileges, the medium of payment provided for is lawful money of Canada. Then provision is made for converting bonds payable in sterling into "bonds of equal amount payable in lawful money of Canada." To us it seems plain that the mortgage contemplated the issuance of bonds of two kinds, and only two, those payable in lawful money of Canada and those payable in British sterling "at the rate of $486.66⅔ for every £100 sterling."

■■ The plaintiff relies upon the rule that where the currencies of two countries bear the same name but are of different values it is presumed that payment of an obligation is to be made in the currency of the country in which it is payable. Story, Conflict of Laws, 8th Ed. § 272a; Adelaide Supply Co. v. Prudential Ins. Co., 1934 A.C. 122; New York & Pennsylvania Co. v. Davis, D.C.W.D.N.Y., 8 F.2d 662; Mountain Lumber Co. v. Davis, D.C., 9 F.2d 478, affirmed on other grounds, 2 Cir., 11 F.2d 219; Les Commissaires D'Ecole, etc., v. La Societe Des Artisans, etc., 33 K.B. (Quebec) 448; La Corporation Des Obligations Municipales v. La Ville Montreal-Nord, 59 Que. 550; Crawford v. Beard, 14 Upper Canada C.P. 87. This rule, however, is merely one of presumption, to be applied when the contract between the parties discloses no contrary intention. The place of performance will not govern the applicable medium of exchange when the contract itself makes provision for it. See Booth & Co., Inc. v. Canadian Government Merchant Marine, 2 Cir., 63 F.2d 240; Allen v. St. Leger, 19 Ont. WN 443; Morrell v. Ward, 10 Grant Ch. (Ont.) 231; 48 C.J. p. 596, § 16. Where the obligation is construed as providing for its discharge in foreign money, only the equivalent thereof in currency of the forum can be collected. See Levy v. Cleveland, C., C. & St. L. R. Co., 210 App. Div. 422, 206 N.Y.S. 261; Rives v. Dukes, 105 U.S. 132, 26 L.Ed. 1031; Stewart v. Salamon, 94 U.S. 434, 24 L.Ed. 275. Reading the bond and mortgage together, we think it plain that the obligation to pay dollars meant Canadian dollars.

■■ The plaintiff argues that the company itself has construed its obligation otherwise by always paying the interest coupons presented at New York in United States currency without regard to fluctuations in the rate of exchange between Canadian and American dollars; even with respect to the plaintiff's coupons maturing on February 1, 1940 it did so. The defendant replies that the interest payments merely show that the company was willing to pay more than legally required to avoid the confusion and trouble incident to figuring the exchange for each day and hour at which a coupon might be presented. It is true that the practical construction made by the parties to a contract which is ambiguous is entitled to weighty consideration. Coghlan v. So. Carolina R. Co., 142 U.S. 101, 12 S.Ct. 150, 35 L.Ed 951; Carthage T. P. Mills v. Carthage, 200 N.Y. 1, 14, 93 N.E. 60. But if a contract clearly demands a specified performance, the fact that the obligor has done more in part performance than the letter of his obligation required should not be used to compel a similar over-performance of the remainder of his obligation. See Hopwood Plays, Inc. v. Kemper, 263 N.Y. 380, 384, 189 N.E. 461; Schuhknecht v. Robers, 192 Wis. 275, 212 N.W. 657. The bond contains numerous references to the mortgage; it makes plain that the entire contract between the company and its bondholders embodies the provisions of the mortgage as well as the bond. In our opinion the

mortgage expresses without ambiguity that the company's obligation is to pay Canadian dollars, except as to bonds which, with its consent, have been converted into bonds payable in sterling. We are therefore of opinion that the amount of the judgment is erroneous. It should be recomputed on the basis of the value of Canadian dollars in United States currency on February 1, 1940. The judgment is reversed and the cause remanded for entry of a judgment in conformity with this opinion.