ARON STEINFINK, Respondent, *v.* NORTH GERMAN LLOYD STEAM-SHIP CO., Also Known as NORTH GERMAN LLOYD, Appellant.

Supreme Court, Appellate Term, First Department, April 10, 1941.

*Ellwood Colahan*, for the appellant.

*Louis Dubin*, for the respondent.

PER CURIAM   Action to recover $627, the equivalent of German marks paid by plaintiff to defendant in Austria (1) for transportation from Southampton, England, to the United States, and (2) for traveler's checks to be used on the passage.   Because of the war the voyage of the steamship was canceled; plaintiff did not receive the agreed upon transportation and no part of the money paid was returned to him.

In opposition to plaintiff's motion for summary judgment, and in support of the defense of German law, the affidavit of defendant's expert states that by the German Devisen, or foreign exchange laws, plaintiff is an " Auslaender " under the German foreign exchange regulations, that is, a non-resident having his residence or usual place of abode within a foreign country, and an " Auswanderer," that is, a person who has become a non-resident after August 3, 1931; that defendant, a German corporation, is an " Inlaender," that is, a person having its principal place of business in Germany; that any disposal by the defendant of plaintiff's claim can be made only with the consent of the German Foreign Exchange Control Board; and since the payment by plaintiff was not made in dollars or any " free " reichsmarks, nor in any other foreign currency, no consent can be obtained from the German board by either the plaintiff or the defendant for repayment in dollars; that the board will give a permit only for the payment to a blocked mark account in Germany.

Defendant further relies on the fact that plaintiff's receipt for the money paid for the checks contains the imprint, translated into English, " Not transferable.   For use on board only.   Not payable in foreign countries."

Plaintiff contends that the German law is clearly and definitely against our public policy, and if accepted by this court would give it extraterritorial effect and permit defendant to repudiate the agreement.

In the light of controlling adjudications the contention cannot be upheld.

In *Werfel* v. *Zivnostenska Banka* (260 App. Div. 747) plaintiff sued to recover from the defendant, a Czechoslovakian bank, the equivalent in dollars of his Czechoslovakian crowns account. As a defense the laws of Czechoslovakia forbidding delivery of any foreign moneys or currencies without the prior permission of the National Bank of Czechoslovakia were pleaded; that plaintiff opened the account with knowledge of said laws, and that such permission could not be obtained on behalf of plaintiff It further appeared that no non-resident or foreigner could withdraw Czechoslovakian bank deposits because of the decrees and orders of the German military government of the former Czechoslovakia. It was held that no cause of action was shown, and accordingly plaintiff's motion for summary judgment was denied, and defendant's motion granted.

The court said (p. 752): " This case presents a situation where the decrees made by the *de facto* government, which are objected to, are not confiscatory in their nature at all but are regulatory of foreign exchange transactions only to approximately the same degree as existed under the old Czechoslovakian government and such as exist to common knowledge in the United States today in so far as certain belligerent countries are concerned. It is impossible to treat such decrees as violating the law of nations and as not subject to respect by the courts of the United States. On this view of the case, the whole complaint is demurrable because it fails to state a cause of action."

Plaintiff stresses the fact that he is a victim of German oppression. But the regulations apply to all non-residents and foreigners, and our courts cannot disregard them. (See *Holzer* v. *Deutsche Reichsbahn-Gesellschaft*, 277 N. Y 474; *Guaranty Trust Co.* v. *Henwood*, 307 U. S. 247; *Bethlehem Steel Co.* v. *Zurich Ins. Co.*, Id. 265, revg. 279 N. Y. 495; *Nortz* v. *United States*, 294 U. S. 317.)

Judgment and orders reversed, with ten dollars costs, and motions denied

SHIENTAG and MILLER, JJ., concur; McCOOK, J., dissents.