SIEGFRIED SPIEGEL, Plaintiff, *v.* UNITED STATES LINES COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, September 14, 1942.

*Alfred Feingold*, for the plaintiff.

*Kirlin, Campbell, Hickox, Keating & McGrann*, [*William H. Postner*, of counsel], for the defendant.

WATSON, J. The complaint herein alleges two causes of action. The first is for the recovery of the equivalent of a sum of money in German reichsmarks paid by plaintiff to defendant in November, 1938 at Cologne, Germany, for a passage ticket for the passage of the plaintiff and his wife by one of defendant's steamers from Southhampton, England, to New York. Plaintiff, when he paid the money and received the ticket, was a national of Germany. The contemplated voyage originally set for May, 1939, was postponed to December 29, 1939. Before that date war was declared between England and Germany, and in compliance with the Neutrality Act of 1939 and the Presidential proclamation thereunder the defendant canceled its sailings from Southampton and plaintiff came to this country by another line.

The second cause of action is for the recovery of the equivalent of a sum of German reichsmarks deposited by plaintiff with defendant for spending money on board the ship.

In this case the Appellate Term has held that " Issues of fact are raised by the averments as to the German law." (*Spiegel* v. *United States Lines Co.*, 27 N. Y. Supp. [2d] 631.) It is therefore the duty of this court to give effect in this case to the German law as proven.

Conspicuously stamped upon the face of the steamship ticket is the following statement: " Payment made in local European currency. Refund, transfer or adjustment can be made only at issuing office in currency paid." Whether this provision is contractual in character, as maintained by defendant, or a mere notice, as claimed by plaintiff, need not be decided in view of the applicable German law.

The so-called German Devisen Laws in force when this ticket was issued prescribed that: " Refunds for passages not fully used may only be made within Germany in Reichsmarks." This was proven and not disputed.

The contract evidenced by the steamship ticket is governed by the German law, which cannot be disregarded, " however objectionable " we may consider it. (*Schlein* v. *N. V. Nederlandsch Amerikaansche Stoomvaart Maatschappij*, 34 N. Y. Supp. [2d] 720; *Branderbit* v. *Hamburg-American Line*, 31 id. 588; *Steinfink* v. *North German Lloyd Steamship Co.*, 176 Misc. 413.)

Concededly, plaintiff made no demand in Germany for the payment of the refund in reichsmarks. Had such a demand been timely made and refused plaintiff would undoubtedly have been entitled to maintain an action in our courts to recover in our currency the value of the refund; but lacking such a demand, the cause of action for such refund fails.

Furthermore, the contract provides: " The shipowner shall not be liable for any claim unless written notice thereof with full particulars shall be given to the shipowner or agent * * * in case the voyage is abandoned or broken up, within fifteen days thereafter * * *." Similar clauses have been held valid. (*Goldarbeiter* v. *Cunard White Star Limited*, 27 N. Y. Supp. [2d] 920, and cases there cited.)

The voyage may be said to have been abandoned or broken up on November 4, 1939 when, in consequence of the enactment of the Neutrality Act of 1939 and the Presidential proclamation thereunder, defendant discontinued its passenger service on the North Atlantic. At any rate, plaintiff was advised of such discontinuance by letter from defendant dated November 30, 1939, to which plaintiff replied December 1, 1939. Concededly, no notice of claim was presented within fifteen days thereafter; demand was first made orally in New York February 5, 1940.

The defendant is therefore entitled to judgment on the first cause of action.

The " on board money," which is the subject of the second cause of action, stands upon a different footing. This is not governed by the steamship ticket. It is evidenced merely by a receipt which specifies that it is for expenses on board and exchangeable by the purser on board the steamer. The only relevant German law which has been proven is to the effect that: " Refund for board money not used can be made in Reichsmarks only unless it is proven that the board money had been acquired with foreign exchange." The voyage having been canceled by defendant, plaintiff is entitled to the refund of the board money. It was not incumbent upon the plaintiff to make demand for this refund in Germany; and since demand for the refund was made by the plaintiff in New York the internal laws of the German Reich have no application and plaintiff is entitled to recover the value of the reichsmarks in our currency. (*Kassel* v. *N. V. Nederlandsch Amerikaansche, etc.*, 177 Misc. 92.) Upon the evidence, the value of the 200 reichsmarks deposited for board money was at the time of the cancellation and at the time of the demand the sum of eighty dollars for which with interest from February 5, 1940, judgment is directed in favor of the plaintiff.