SALO TRANSLATEUR, Plaintiff, *v.* UNITED STATES LINES COMPANY, Defendant.*

Municipal Court of New York, Borough of Manhattan, Third District, September 14, 1942.

---

* Affd. and revd. 179 Misc. 843.

*Alexander J. Lekus* for plaintiff.

*William H. Postner* for defendant.

WATSON, J. There are here two causes of action. The first to recover money paid by plaintiff to defendant at Berlin, Germany, November 25, 1938, for passage for himself and his wife by one of defendant's steamships from Southampton to New York. Plaintiff, when he paid the money and received the passage ticket was a German national. Before the time for the contemplated voyage had arrived defendant, because of war conditions and in conformity with the Neutrality Act of 1939 (U. S. Code, tit. 22, § 441 *et seq.*) and the Presidential proclamation thereunder, discontinued its passenger service in the North Atlantic, and plaintiff came to this country by another line.

The second cause of action is for the recovery of the amount of " On Board Accreditive," representing a deposit made by plaintiff with defendant for expenses on board the steamer.

This case parallels the case of *Spiegel* v. *United States Lines Co.,* 27 N. Y. S. 2d 631, in which the Appellate Term held that issues of fact were presented as to the German law. Therefore in this case this court must give effect to the German law as proven.

Here, as in the *Spiegel* case, there is stamped upon the face of the ticket the following matter: " Payment made in local European currency. Refund, transfer or adjustment can only be made at issuing office in currency paid." Whether this is a contractual provision or is merely a notice need not be decided in view of the applicable German law proven without dispute.

That law provides that " Refunds for passages not fully used may only be made within Germany in reichsmarks." The contract created by the ticket is governed by that law. (*Schlein* v. *N. V. Nederlandsch Amerikaansche Stoomvaart Maatschappij,*

34 N. Y. S. 2d 720; *Branderbit* v. *Hamburg-American Line*, 31 N. Y. S. 2d 588; *Steinfink* v. *North German Lloyd Steamship Co.*, 176 Misc. 413.)

Plaintiff made no demand in Germany for refund in reichsmarks. He made a demand in England, apparently for payment in dollars, and again in New York.

Further, the ticket requires written notice of claim with full particulars to be given within fifteen days after the voyage has been abandoned or broken up. This provision is valid. (*Goldarbeiter* v. *Cunard White Star Limited*, 27 N. Y. S. 2d 920.) The voyage was abandoned or broken up on November 4, 1939, when, in consequence of the Neutrality Act of 1939 and the Presidential proclamation, the defendant discontinued such service. Plaintiff was advised of this by defendant in May, 1940. He then made oral demand, but gave no written notice until August 2, 1940.

The first cause of action therefore fails.

The second cause of action is for repayment of "board money." Upon this the terms of the steamship ticket have no bearing. The deposit is evidenced by defendant's receipt stating merely that it is for expenses on board and exchangeable by the purser on board the steamer. The relevant German law provides merely that "refunds for board money not used can be made in reichsmarks only unless it is proven that the board money has been secured with foreign exchange." On the cancellation of the voyage by defendant plaintiff became entitled to the refund of the board money. There was no requirement by statute or otherwise that demand therefor must be made in Germany; it might be made wherever defendant could be found; and since demand for the refund was made by the plaintiff in New York the internal laws of the German Reich have no application, and plaintiff is entitled to recover the value of the reichsmarks in our currency. (*Kassel* v. *N. V. Nederlandsch Amerikaansche, etc.*, 177 Misc. 92.) Such value is found upon evidence to be $120 for which, with interest from August 3, 1940, judgment is directed in favor of the plaintiff.